**UNITED STATES v. FIELDS.**
Criminal No. 77669.

District Court of the United States for the
District of Columbia.

Oct. 21, 1946.

A. S. Bradford, of Washington, D. C.,
for defendant, for the motion.

Edward M. Curran, U.S. Atty., and Charles B. Murray, Asst. U.S. Atty., both of Washington, D. C., opposed.

HOLTZOFF, Justice.

By his motion to dismiss, the defendant challenges the sufficiency of the indictment. The new rules of criminal procedure, which became effective on March 21, 1946, discarded many of the technical requirements that had existed for centuries in regard to the form in which indictments should be drawn.

Rule 7(c) of the new Rules provides that the indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. The rule further provides that the indictment need not contain any other matter not necessary to such a statement.

■ The question to be determined, therefore, is whether this indictment constitutes a plain, concise and definite statement of the essential facts constituting the offense charged. The test is whether the defendant, by this indictment, is apprised of the charge which he is called upon to answer and also whether the accusation is so set forth that if he is placed in jeopardy by this indictment, he would be in a position successfully to interpose a plea of double jeopardy if an attempt is made to try him again on the same charge.

■ Obviously, this indictment adequately and sufficiently informs this defendant of what he is accused. It sets forth that the House of Representatives of the United States, by resolution identified in the indictment, created a committee to investigate the sale or other disposition of property which the United States had acquired in connection with the national defense. The indictment then enumerates certain specific items which the resolution directed the committee to investigate. The indictment further alleges that the defendant was summoned to produce certain documents concerning one of the items which it appears from the indictment the committee was authorized to investigate. It finally averred that the defendant failed and refused to produce these papers and documents, although they were available to him and he could have produced them. It is charged that he thereby wilfully made default. The indictment fully apprises the defendant of the specific charge which he is called upon to meet.

■■ The statute under which the indictment is drawn, U.S.C.A. Title 2, § 192, makes it a misdemeanor for any person who has been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry, wilfully to make default. True, the Congress and its committees are limited to conducting inquiries and investigations only as to subjects as to which it has authority to legislate. It cannot be successfully contended, however, that Congress lacks authority to legislate concerning the sale or disposition of property which the Government of the United States has acquired in connection with the national defense and the war effort.

■ Counsel complains that the indictment fails to allege that the information required was pertinent to the inquiry. There is no rule of law requiring a draftsman of an indictment to use any particular words or any specific terminology. The indictment must set forth an offense under the statute. This has been done. The inference is inescapable from the allegations of the indictment that the information sought from this defendant was pertinent to the inquiry in which the committee was engaged. Under the circumstances, it is the view of this Court that this indictment is sufficient and the motion to dismiss the indictment for insufficiency is denied.

■ By this motion, the defendant further contends that the grand jury which returned the indictment was unlawfully constituted, in that it was not a body truly representative of the community because fourteen of its members were Government employees. It is also alleged in the motion that the Grand Jury was biased and prejudiced, but the Court assumes that this contention is not being pressed at this time because nothing was said about it in the argument on the motion. The Court notes that the objection now raised is not a

challenge to the array, but a criticism of the particular jurors who were drawn from the array. The fact that there were fourteen Government employees on the Grand Jury who happened to be drawn from the entire panel, which it is not contended was *illegally constituted*, does not detract from the representative character of this grand jury. It must be borne in mind, and the Court will take judicial notice of the fact, that Government employees form the largest single group of the population of this district. It is natural, therefore, that they should form the largest single group of any jury panel.

 The Supreme Court of the United States held in the Wood case that the mere fact that a person happens to be a Government employee does not constitutionally disqualify him from jury service even as to matters to which the Government is a party.[1] In fact, the Court feels that it is an unnecessary and unjustified aspersion on Government employees to assume because a person is employed by some Government agency, that he is necessarily biased against anyone against whom the United States Attorney seeks an indictment. Observation and experience completely demonstrates the contrary.

The Thiel case,[2] to which counsel refers, involved an entirely different situation. There the objection was that certain groups of the population were not called for jury service, and, therefore, were not included in the list of available jurors—not that they were not represented on a particular jury.

The Court will take judicial notice of the operations of its own agencies. The Jury Commissioners are an agency of this Court and are appointed by this Court. The Court will take judicial notice of the fact that names of jurors called for service in this Court are picked at random from the City Directory by the Jury Commissioners pursuant to an arbitrary numerical formula, in order that a sufficient number of available jurors may be obtained. Every person whose name is drawn in this impartial and mechanical manner receives a questionnaire to determine whether he is legally qualified to serve. If he is found legally qualified, his name is placed in the jury box. Every month, when jurors are needed, the necessary number of jurors are drawn by the jury commissioners from this box at random, in compliance with law.

The Court deems this Grand Jury to be legally constituted. The objections to its action are not well founded. The motion of the defendant will be denied.

**UNITED STATES v. NEEDLEMAN et al.**

**Criminal No. 41166.**

District Court, E. D. New York.

Nov. 4, 1946.

---

[1] United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78.

[2] Thiel v. Southern Pacific Co., 66 S. Ct. 984.