## UNITED STATES v. BARSKY et al.
### Criminal No. 368—47.

District Court of the United States for the District of Columbia.

April 25, 1947.

O. John Rogge, of Washington, D. C., for defendants, for the motion.

---

[1] No opinion for publication.

George Morris Fay, U. S. Atty., and Charles B. Murray, Asst. U. S. Atty., both of Washington, D. C., opposed.

HOLTZOFF, Justice.

Indictment for conspiracy to encourage defendant Helen R. Bryan to refuse to produce records subpoenaed by the House Committee on Un-American Activities in violation of 2 U.S.C.A. § 192; and for willful default in failing to produce subpoenaed records. On motion of defendants for bill of particulars. Motion denied.

In this case the first count of the indictment charges the defendants with conspiracy to defraud the United States and to prevent the House Committee on Un-American Activities from obtaining access to records of an association known as the Joint Anti-Fascist Refugee Committee. The first count of the indictment alleges that the House Committee on Un-American Activities was conducting an investigation into subversive or un-American propaganda activities in the United States. It further avers that the Committee issued subpoenas directed to each of the defendants as well as to the association by name, requiring the production of certain records before the Committee on April 4, 1946. The indictment then charges that throughout the period commencing on October 1, 1945, and continuing for several days after April 4, 1946, the defendants conspired to encourage Helen R. Bryan, executive secretary of the association, to refuse to produce the records required by the Congressional Committee and to cause the custody of these records to remain in Helen Bryan by refusing to produce them as required by the subpoenas. It is further charged that the defendants conspired to violate Section 192 of Title 2 of the United States Code Annotated by wilfully making default in failing to respond to subpoenas issued by the Congressional Committee. Then, two overt acts are alleged as steps in carrying out the conspiracy.

■ There is no doubt that the indictment sets forth a specific conspiracy. The defendants now move for a bill of particulars containing a statement of the dates when and places where the conspiracy was initiated and the dates and places at which each of the defendants joined the conspiracy. The Court is of the opinion that this information should not be required to be furnished by the Government. It is well known that in charges of conspiracy it is frequently impossible to fix in advance the exact date or the specific place at which the defendants gathered together and formed the conspiracy or at which any particular defendant joined the conspiracy. The defendants are charged with entering into a conspiracy. In other words, they are charged with agreeing to commit these offenses, because a conspiracy, in essence, is an agreement to do an unlawful act. It seems to the court that the indictment contains sufficient information to apprise the defendants of the charge they are called upon to meet and that it furnishes sufficient data to enable them to prepare for trial.

■ The court is of the opinion that the other requests are equally without foundation. Paragraph No. 3 of the motion seeks information as to the acts or actions charged in respect to each of the defendants which allegedly constitute the encouraging of the defendant Helen Bryan to refuse to produce records. This request overlooks the fact that the defendants are not charged with the substantive offense but with a conspiracy to encourage Helen Bryan to violate the law. It may well be that they never did encourage her; but a mere agreement to do so constitutes conspiracy if it is followed by an overt act to carry the conspiracy into effect. These considerations are equally applicable to paragraph No. 6 of the motion.

■ Paragraphs Nos. 4 and 5 of the motion seek information as to the acts or actions of which the wilful default of the defendants consisted. Again, it should be borne in mind that the defendants, in count 1 of the indictment, are charged with conspiring to default and not with the affirmative act. In other words, they are charged with an agreement wilfully to default in failing to respond to the subpoenas. It is alleged in the indictment that subpoenas were issued by the Committee returnable on a specific date and at a specific place. An allegation that the defendants conspired to cause a default to be made in responding to the subpoenas seems to the

court to furnish to the defendants sufficient information to enable them to prepare for trial on the charge set forth in count 1 of the indictment.

The second count of the indictment alleges a substantive offense, namely, wilful failure to produce records on the specific date. It seems to the Court that these averments apprise the defendants in sufficient detail of the charge on which they are to be tried. Wilfulness is a state of mind. As this Court ruled at the trial of United States v. Fields, D.C., 6 F.R.D. 203, the word "wilful" as used in Section 192 of Title 2 of the United States Code Annotated means "deliberate and intentional" and not inadvertent or accidental. Particulars of wilfulness cannot be furnished.

Finally, we reach paragraphs Nos. 8, 9 and 11 of the motion. These requests seem to the court to call for argumentative matter rather than for statements of fact.

In the light of the foregoing considerations, the motion for a bill of particulars is denied.