## UNITED STATES *v.* McELVAIN ET AL.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS.

No. 266. Submitted October 21, 1926.—Decided December 6, 1926.

1. An indictment, under § 37 of the Criminal Code, for a conspiracy to defraud the United States in respect of its internal revenue by making a false income and profits tax return, is not subject to the statute of limitations for offenses " arising under the internal revenue laws," (Act of July 5, 1884, as amended), but to the three year limitation imposed by Rev. Stats. § 1044. P. 638.

2. A proviso was added to Rev. Stats. § 1044, by the Act of November 17, 1921, 42 Stat. 220, viz., " That in offenses involving the defrauding or attempts to· defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner, and now indictable under· any existing statutes, the period of limitation shall be six years." *Held:*

   (1) The purpose of the proviso is to carve out a special class of cases, and it must be confined, by a strict construction, to the cases clearly within its purpose. P. 639.

   (2) If the proviso relates to any conspiracies under Crim. Code § 37, it is limited to those to commit the substantive offenses which it covers. It does not apply to a conspiracy to defraud the United States in respect of internal revenue. P. 639.

Affirmed.

ERROR, under the Criminal Appeals Act, to a judgment of the District Court sustaining pleas of the statute of limitations in bar of an indictment for conspiracy

to defraud the United States in respect of its internal revenue.

*Solicitor General Mitchell, Assistant Attorney General Willebrandt,* and *Mr. Sewall Key,* Attorney in the Department of Justice, for the United States, submitted.

The six-year period of limitations prescribed by the Act of November 17, 1921, and not the three-year period in § 1321 of the Act of 1921, applies to the crime of conspiracy to defraud the United States in its internal revenue, in violation of § 37 of the Penal Code.

*United States* v. *Noveck,* 271 U. S. 201, makes it obvious that the ruling below is erroneous. That case is decisive of the point that the three-year period of limitations prescribed in § 1321 of the Revenue Act of 1921, *supra,* for "offenses arising under the internal revenue laws" can have no application to the case at bar. Other cases to the effect that a crime arises under the law by which it is defined and punished are *United States* v. *Hirsch,* 100 U. S. 33, and *United States* v. *Rabinowich,* 238 U. S. 78.

The reasoning in the *Noveck* case applies with full force here. If the Act of November 17, 1921, applies to perjury, it likewise applies to conspiracy. In the offense of conspiracy to defraud the United States of revenue, unlike perjury, under the rule of the *Noveck* case, the six-year period of the Act applies, because "defrauding or an attempt to defraud the United States is an ingredient under the statute defining the offense."

The six-year period prescribed by the Act of November 17, 1921, is not limited to offenses involving the defrauding of the United States growing out of the war.

*Mr. John J. Healy* for defendants in error, submitted. *Mr. John H. S. Lee* was also on the brief.

Congress did not include the crime charged in this indictment within the provisions of the amendment of

November 17, 1921, which was, by its express terms, one merely purporting to amend § 1044 Rev. Stats., theretofore existing. This section, it will be observed, from its earliest inception, had never included within its terms or purview offenses under the Revenue Act. This will appear from a glance at the various sections of the statutes of limitations governing the prosecution of the criminal cases in the federal courts. Revised Statutes, §§ 1043, 1044, 1046. When Congress, by the Act of November 17, 1921, purported to amend merely § 1044, it would seem clear that it had no intention also to amend § 1046; that is, it had no intention to change the limitation fixed by § 1046 for the prosecution of offenses under the Revenue Act, and had no intention to bring within § 1044, as amended, the prosecution of any such offenses. But this is not all. In the amendment of November 17, 1921, Congress is careful again to indicate its purpose to exclude from the scope of the amendment offenses existing under the Revenue Act.

A proviso must be construed with reference to the subject matter of the paragraph or sentence to which it is appended, unless it clearly appears from a consideration of the entire Act that the legislative body intended that it should have a broader and more independent operation. *United States* v. *Dickson,* 15 Pet. 141; *Ryan* v. *Carter,* 93 U. S. 807; *United States* v. *Bernay,* 158 Fed. 792; *Aaron* v. *United States,* 204 Fed. 943; *Wall* v. *Cox,* 101 Fed. 403; *In re Matthews,* 109 Fed. 603.

Congressional debates and committee reports are competent for the purpose of showing the history of the times or the evil which the statute was intended to remedy. *Holy Trinity Church* v. *United States,* 143 U. S. 457; *Standard Oil Co.* v. *United States,* 221 U. S. 50; *American Twine Co.* v. *Worthington,* 141 U. S. 468; *Lapina* v. *Williams,* 232 U. S. 78; *Northern Pac. R. R. Co.* v. *Washington,* 222 U. S. 370; *Oceanic Nav. Co.* v. *Stranahan,* 214 U. S. 320.

The various Acts of limitations are *in pari materia.*
However broad the language of a statute or some of its
expressions may be, yet if on examination it shall appear
that they were intended to be limited by other provisions
of the same or other Acts on the same subject, it will not
be improper to restrain them accordingly. *Church* v.
*United States, supra; The Elizabeth,* 8 Fed. Cas. No.
4352; *Kohlsaat* v. *Murphy,* 96 U. S. 153; *United States*
v. *Ewing,* 237 U. S. 197.

If the proviso in the amendment of § 1044 does not
include within its terms frauds existing under the Rev-
enue Act, then necessarily such proviso does not include
conspiracies to commit frauds on the Government under
the Revenue Act..'

Statutes of limitations are to be liberally construed in
favor of the accused. *Lamkin* v. *People,* 94 Ill. 501;
*State* v. *Asbury,* 26 Tex. 82; *Commonwealth* v. *Haas,*
75 Pa. St. 443; *People* v. *Lord,* 12 Hun. 282; Wharton,
Criminal Pleading & Practice, 9th ed., § 316, p. 215.

Conspiracies to defraud the Government under the
Revenue Act are offenses under § 37 of the Criminal Code
and, as such, are punishable within three years of com-
mission, as any other conspiracies are punishable within
such period if not included within the proviso of the
amendment of § 1044, passed November 17, 1921. Such
being our contention, it is apparent that the decision of
this Court in *United States* v. *Noveck* has absolutely no
bearing upon the issue here presented.

MR. JUSTICE BUTLER delivered the opinion of the Court.

October 3, 1924, defendants in error were indicted
under § 37 of the Criminal Code (35 Stat. 1088, 1096) for
conspiracy to defraud the United States in respect of its
internal revenue. It is charged that they conspired to
make a false income and profits tax return for 1920 for
the Freeman Coal Mining Company, and that they caused

a false return to be prepared, sworn to and filed, and committed various other overt acts. But no act is alleged to have been done later than March 14, 1921, more than three years prior to the indictment. Each of the defendants interposed a plea that the prosecution was barred because not commenced within three years after the offense. The district court, being of opinion that the applicable period of limitation had expired, entered judgment sustaining the pleas and discharging the defendants. The case is here under the Criminal Appeals Act, c. 2564, 34 Stat. 1246. *United States* v. *Barber,* 219 U. S. 72.

The question for decision is whether the applicable period is three years fixed by § 1044, Revised Statutes, or six years specified in a proviso added by the Act of November 17, 1921, c. 124, 42 Stat. 220.

It is necessary to consider a number of statutory provisions. Section 1044 provides: "No person shall be prosecuted . . . for any offense, not capital, except as provided in section 1046, unless the indictment is found or the information is instituted within three years next after such offense shall have been committed . . ." The defendants insist that the foregoing provision applies. The government contends that the case is covered by the proviso: "*Provided, however,* That in offenses involving the defrauding or attempts to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner, and now indictable under any existing statutes, the period of limitation shall be six years." And the proviso was made applicable to offenses theretofore committed and not already barred. Section 1046 provides: "No person shall be prosecuted . . . for any crime arising under the revenue laws, or the slave-trade laws of the United States, unless the indictment is found or the information is instituted within five years next after the committing of such crime."

The Act of July 5, 1884, c. 225, 23 Stat. 122, provides: "That no person shall be prosecuted . . . for any of the

various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, in all cases where the penalty prescribed may be imprisonment in the penitentiary, and within two years in all other cases. . . ."

This Act was amended by § 1321 of the Revenue Act of 1921, approved November 23, 1921, c. 136, 42 Stat. 315, which eliminated the two-year period so as to make the three-year period apply to all offenses. And it was further amended by § 1010 (a) of the Revenue Act of 1924, approved June 4, 1924, c. 234, 43 Stat. 341, which added the same proviso that was added to § 1044. This latest amendment, passed after the offense here charged, applied the six-year period to offenses thereafter committed against the internal revenue laws and covered by the proviso.

The offense charged is a conspiracy and not one arising under the internal revenue laws; and it is not within the Act of July 5, 1884, as amended. The period applicable is either three years under § 1044 or six years under the proviso. The government argues that defrauding the United States is an ingredient of the crime charged, and that the six-year period applies. It relies on *United States* v. *Noveck,* 271 U. S. 201. But that case is not like this one. The question there involved was whether an allegation in an indictment for perjury (§ 125, Criminal Code), that the crime was committed for the "purpose of defrauding the United States," took the case out of the general clause of § 1044. We held that the purpose stated was not an element of perjury as defined by statute, and that the extraneous fact alleged did not bring the case within the proviso. When the opinion is read in the light of the issue presented and decided, it furnishes no support for the government's contention here.

The proper application of the proviso is to be found upon a consideration of its scope as compared with that

of the original section having regard to the other statutes of limitation. Section 1044 is comprehensive in language and purpose; it relates to all crimes, excepting only capital offenses and those arising under the revenue laws and slave trade laws. The purpose of the added proviso was to carve out a special class of cases. It is to be construed strictly, and held to apply only to cases shown to be clearly within its purpose. *United States* v. *Dickson,* 15 Pet. 141, 165; *Ryan* v. *Carter,* 93 U. S. 78, 83. ·

The proviso relates to substantive offenses involving defrauding or attempts to defraud the United States, whether committed by one or more or by conspiracy or otherwise. It does not extend to any offenses not covered by § 1044. The crime of conspiracy to commit an offense is distinct from the offense itself. The language of the proviso cannot reasonably be read to include all conspiracies as defined by § 37. But if the proviso could be construed to include any conspiracies, obviously it would be limited to those to commit the substantive offenses which it covers. All the various offenses under the internal revenue laws are excepted from § 1044. The proviso relates to the preceding part of the section and can have no broader scope. *Wayman* v. *Southard,* 10 Wheat. 1, 30. And legislation contemporaneous with and subsequent to its passage shows that Congress intended that the proviso should not include such offenses. The proviso and § 1321 were considered by Congress at the same time. The latter was enacted six days after the proviso; it relates exclusively to offenses under the internal revenue laws. That section is to be applied rather than the general language of the proviso added to a statute that never covered such offenses. And § 1010 (a) which prescribes for them the same limitations as are fixed by the proviso, was unnecessary if the proviso already applied.

The three-year period fixed by § 1044 is applicable, and defendants' pleas were rightly sustained.

*Judgment affirmed.*