Kenneth V. WOOLRIDGE, a/k/a Ponzi, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12719.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 31, 1955.

Decided Nov. 10, 1955.

Petition for Reconsideration Denied Jan. 4, 1956.

federal narcotics laws. The tenth count charged that on or about May 4, 1954, he "purchased, sold, dispensed and distributed, not in the original stamped package and not from the original stamped package, a narcotic drug, that is, about 20 cc of methadon hydrochloride." Count 10 was drawn under 26 U.S.C. § 2553(a), which is in pertinent part as follows:

> "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in section 2550(a) except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession same may be found * * *."

Found guilty under both counts described above, Woolridge was sentenced under the conspiracy count to imprisonment for a term of from one to five years; and under the substantive count to a term of from two to six years, plus a fine of $100. The sentences are to run concurrently. Woolridge appeals.

■■■ The proof showed, and the appellant admitted, that on or about May 4, 1954, he had in his possession a bottle which contained about 20 cc of methadon hydrochloride and which bore no stamp or label. The portion of the statute quoted above "talks of prima facie evidence, but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates." Casey v. United States, 1928, 276 U.S. 413, 418, 48 S.Ct. 373, 374, 72 L.Ed. 632; Maynard v. United States, 1954, 94 U.S.App.D.C. 347, at pages 351, 352, 215 F.2d 336, at pages 340, 341. Woolridge attempted to explain and justify his possession of the drug by testifying that it was from the original stamped package. The jury did not believe him. It was under no obligation to accept his testimony. Frazier v. United States, 1947, 82 U.S.App.D.C. 332, 163 F.2d 817. Conse-

Mr. T. Emmett McKenzie, Washington, D. C., for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee. Mr. John D. Lane, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and FAHY, Circuit Judges.

PER CURIAM.

The first count of a ten-count indictment accused Kenneth V. Woolridge of conspiring with four others to violate

quently, the conviction under the substantive count 10 must be upheld; and as the sentence imposed under that count is greater than that imposed under the conspiracy count and runs concurrently with it, there is no need to consider Woolridge's attack upon his conviction as a conspirator.

Affirmed.