**UNITED STATES of America,**

v.

**Giacomo REINA, Joseph Valachi, et al.,**
**Defendants.**

**UNITED STATES of America,**

v.

**Joseph VALACHI, Defendant.**

United States District Court
S. D. New York.

March 31, 1959.

114

Paul W. Williams, U. S. Atty. for Southern District of New York, New York City, William S. Lynch, Asst. U. S. Atty., New York City, of counsel, for United States.

Curran, Mahoney, Cohn & Stim, New York City, Menahem Stim, Allen S. Stim, New York City, of counsel, for defendant, Joseph Valachi.

FREDERICK van PELT BRYAN, District Judge.

Defendant, Joseph Valachi, moves to dismiss two indictments pending against him. The first, No. C.147–207, in which Valachi is named with a number of codefendants, remains open after the Court of Appeals of this circuit reversed, as to him, a judgment of conviction entered against him and several of his codefendants upon the verdict of a jury, and affirmed the judgment of conviction as to his codefendants. United States v. Reina, 242 F.2d 302. The second, No. C.153–156, was returned against Valachi by the grand jury subsequent to the reversal by the Court of Appeals of the prior judgment of conviction against him.

I will deal first with the motion to dismiss the first indictment No. C.147–207. Valachi contends that this indictment must be dismissed because such dismissal is required by the decision of the Court of Appeals reversing his prior conviction. There is no merit to this contention.

This one-count indictment charges that Valachi, eight other defendants, and ten persons named as co-conspirators but not as defendants, entered into a conspiracy in violation of 18 U.S.C. § 371 to sell narcotic drugs not in or from original stamped packages as required by 26 U.S.C. § 2553(a), not in pursuance of written orders on forms issued in blank for that purpose by the Secretary of the Treasury, as required by 26 U.S.C. §§ 2554(a) and 2606, and which had been imported into the United States contrary to law in violation of 21 U.S.C.A. §§ 173 and 174.

Valachi and his codefendants Reina, Moccio, Pagano and Quartiero were convicted on this conspiracy charge after trial before a jury. The Court of Appeals affirmed the conviction of Valachi's codefendants but reversed Valachi's conviction. The court held (242 F.2d at page 305) that the three year statute of limitations contained in 18 U.S.C. § 3282 applied to the charges against Valachi, and that there was insufficient evidence to link Valachi with the conspiracy charged during this three year limitation period. The only two overt acts committed within the three year period of limitation were not alleged to have been participated in by Valachi, and the evidence did not connect Valachi with either of them. The court said that if Valachi had been proven to have been a member of the overall conspiracy he would have been bound by the overt acts committed by his co-conspirators within the period of limitation even though he did not personally participate therein. But the court went on to say (at page 306):

"* * * We should accept this reasoning, if we thought that Valachi's sale of the parcel to Pocoroba was evidence that he knew it was in execution of the larger venture: that is, that he was cooperating in the series of importations that made up the conspiracy charged. His sale was indeed not inconsistent with that knowledge; but it was equally consistent, so far as we can see, with his being an independent peddler of narcotics, whom Shillitani selected as the most immediately available source of supply of Pocoroba's needs. * * *"

The Court of Appeals therefore held (at page 308):

"Convictions of Reina, Quartiero, Pagano and Moccio are affirmed.

"Conviction of Valachi is reversed."

Judgment was entered in the Court of Appeals accordingly and by order of this court the judgment of the Court of Appeals was made the judgment of this court, in accordance with the usual practice.

Valachi has misconceived the effect of the reversal by the Court of Appeals. A reversal of a conviction without

an express direction for the dismissal of the indictment does not dispose of the indictment finally but leaves it open and pending. See United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300.

 Pursuant to 28 U.S.C. § 2106, the Court of Appeals is empowered to order the dismissal of an indictment upon reversal, or to order a new trial if it sees fit. Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335. This is so whether the reversal is based on technical errors committed during the course of the trial or on insufficiency of the evidence to sustain a conviction. The Court of Appeals is not bound by Rule 29, F.R.Cr.P., 18 U.S.C.A., which requires the district judge, at trial, to grant a motion for judgment of acquittal if the evidence is insufficient to sustain a conviction. Bryan v. United States, supra.

Thus, in the case at bar the Court of Appeals was at liberty to direct the dismissal of the indictment if it saw fit. It did not choose so to do. It is defendant's contention that because the Court of Appeals failed to specify that it directed a new trial, it follows that the Court of Appeals meant that the indictment should be dismissed as to Valachi though it did not say so.

This does not follow from the failure of the Court of Appeals to make a specific direction to dismiss. For example, in United States v. Bonanzi, 2 Cir., 94 F.2d 570, the Court of Appeals of this circuit reversed as to the defendants Butto and Buda and directed that the indictment be dismissed. They merely reversed as to the defendant Bonanzi without such a direction, clearly indicating their intention that Bonanzi should be retried. The court evidently felt that the evidence against Butto and Buda was so deficient as to make it unfair for them to be tried again. As to Bonanzi, on the other hand, it was evidently the view of the court that the interests of justice required that the Government be given a further opportunity to prove a case against him upon a new trial if it could. The court expressed this by reversing without direction to dismiss though without specific direction for a new trial.

In Spriggs v. United States, 9 Cir., 225 F.2d 865, the question of the effect of a reversal of a conviction without either a direction for dismissal of the indictment, or for a new trial, was directly considered and passed upon. The Court of Appeals of the Ninth Circuit held (at page 868):

" * * * [D]efendant was not acquitted either by the trial judge or the jury in the previous case. Instead, the jury found sufficient evidence to convince them of his guilt beyond a reasonable doubt. He was not discharged by this Court. A reversal sets aside the judgment, but allows the indictment to stand. * * * "

As the Supreme Court said in United States v. Ball, supra, 163 U.S. at page 672, 16 S.Ct. at page 1195:

" * * * [I]t is quite clear that a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted. * * *. The court therefore rightly overruled their plea of former jeopardy * * *."

See, also, Green v. United States, 355 U.S. 184, 189, 78 S.Ct. 221, 2 L.Ed.2d 199; Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356; State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 462, 67 S.Ct. 374, 91 L.Ed. 422; United States v. Russano, 2 Cir., 257 F.2d 712, 716; Brandt v. United States, 6 Cir., 256 F.2d 79.

Thus, indictment C. 147–207 remains open against Valachi and there is no bar to his retrial upon the charge made in that indictment.

 I therefore pass to consideration of the motion to dismiss the second indictment No. C. 153–156 returned on June 21, 1957, after the Court of Appeals had reversed Valachi's prior conviction. Valachi advances several grounds on

which he says the motion should be granted. First, he urges that because of the judgment of the Court of Appeals reversing his prior conviction a prosecution under the second indictment would place him in double jeopardy for the same offense in violation of his rights under the Fifth Amendment to the United States Constitution. Secondly, he contends that the judgment of reversal is res judicata as to the charges in the second indictment. Third, he urges that both counts are barred by the three year statute of limitations contained in 26 U.S.C. § 3748(a) or 18 U.S.C. § 3282.

In view of my holding that there has been no final disposition of the first indictment which still remains open, there is no merit to Valachi's pleas of double jeopardy and res judicata.

His contention that both counts of the second indictment are barred by the statute of limitations, however, stands on a different footing.

The second indictment is in two counts and charges Valachi, as the only defendant, with (1) selling, dispensing and distributing narcotics not in or from the original stamped package in violation of 26 U.S.C. § 2553(a) (Internal Revenue Code of 1939), on or about July 3, 1951, and (2) conspiring from January 1, 1951, to June 21, 1957, with co-conspirators Orsini, Shillitani and Martello, not named as defendants, to sell, dispense and distribute narcotics not in or from the original stamped package in violation of 26 U.S.C. §§ 2550, 2552, 2553(a), and to have narcotics in his possession without having registered or paid the special tax imposed by 26 U.S.C. §§ 3221 and 3220.

The question presented is whether the statutes of limitations respectively applicable to the two counts of the indictment are three years or six years. The indictment was returned on June 21, 1957. The offense in the first count is alleged to have been committed on or about July 3, 1951. The last overt act charged in the second count is alleged to have occurred on or about July 5, 1951. Thus, if the three year statute applies to either or both of such counts, the counts to which it applies are, on the face of the indictment, barred by the statute. On the other hand, if the six year statute applies to either or both counts, the counts to which it applies are, on their face, within the statute and not barred.

For reasons that will become apparent the two counts must be considered separately.

Count 1 charges defendant with unlawfully, wilfully and knowingly selling, dispensing and distributing 8 ounces and 283 grains of heroin not in or from the original stamped package, in violation of 26 U.S.C. § 2553(a). This is one of the sections of the Internal Revenue Code of 1939 in effect at the time the offense was committed, and the period of limitation as to criminal prosecutions for offenses under the Code is contained in 26 U.S.C. § 3748, the pertinent portions of which are set forth in the margin.[1]

---

1. Section 3748. "Periods of limitation—
(a) Criminal prosecutions.
"No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, * * * except that the period of limitation shall be six years
"(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner,
"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof, and
"(3) for the offense of willfully aiding or assisting in, or procuring, counseling, or advising, the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document).
"For offenses arising under Section 37 of the Criminal Code, March 4, 1909, 35

Under § 3748(a) the general statute of limitations applicable to such offenses is three years. However, as exceptions to the general statute a six year limitation is provided for either (1) an offense "involving the defrauding or attempting to defraud the United States or any agency thereof", or (2) an offense of "willfully attempting in any manner to evade or defeat any tax or the payment thereof".[2] If the offense provided in 26 U.S.C. § 2553(a) of selling, dispensing and distributing narcotics not in or from the original stamped package falls within either of these exceptions the six year statute of limitations is applicable and prosecution under Count 1 of the second indictment is not barred. On the other hand, if the offense does not fall within these categories then the general three year statute is applicable and prosecution is barred. There appear to be no reported cases which have considered this question and it will be treated as one of first impression.

■ Under prior Internal Revenue Acts the only substantive offenses to which the six year statute applied were those specified in subdivision (1) of 26 U.S.C. § 3748(a), involving "defrauding or attempting to defraud". The second subdivision of § 3748(a) relating to offenses of wilfully attempting "in any manner to evade or defeat any tax or the payment thereof" was added to the statute in 1932 as part of the Revenue Code of that year. Its purpose was to override the decisions of the Supreme Court in United States v. Scharton, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917, and United States v. McElvain, 272 U.S. 633, 47 S.Ct. 219, 71 L.Ed. 451, which had narrowly restricted the scope of the exception in subdivision (1).

In United States v. Scharton the defendant was charged with wilfully attempting to evade payment of a tax by falsely underestimating his taxable income. The court held that the offense charged did not involve "defrauding or attempting to defraud", and thus did not come within the only exception then covered by the six year limitation. It therefore held that the general three year limitation applied and the prosecution was barred by that limitation. The court reasoned that evading or defeating a tax did not necessarily involve fraud and went on to say (285 U.S. at page 521, 52 S.Ct. at page 417):

"* * * Moreover, the concluding clause of the section, though denominated a proviso, is an excepting clause, and therefore to be narrowly construed. United States v. McElvain, 272 U.S. 633, 639, 47 S.Ct. 219, 71 L.Ed. 451. And, as the section has to do with statutory crimes it is to be liberally interpreted in favor of repose, and ought not to be extended by construction to embrace so-called frauds not so denominated by the statutes creating offenses. * * *."

The 1932 amendment adding subdivision (2) to § 3748(a) expressly extended the six year exception to wilful attempts "in any manner to evade or defeat any tax" or its payment, thus overcoming the effect of the Scharton decision. That this was the purpose of Congress in making the amendment is plain from the Conference Report on it. H.R.Rep.No.1492, 72d Cong., 1st Sess. 29. The conferees said:

"Under existing law, the limitation on prosecutions for offenses arising under the internal revenue laws is three years, except that in the case of offenses involving the defrauding or attempting to defraud the United States the period is six years. The Supreme Court has recently held that under existing law the offense of attempting to defeat and evade income taxes does not nec-

---

Stat. 1096, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof, the period of limitation shall also be six years. * * *."

2. The other exception is not pertinent to this discussion.

essarily involve the defrauding or attempting to defraud the United States, fraud not being an esssential ingredient of such offense, and that therefore the 3-year limitation period is applicable instead of the 6-year limitation period. This amendment prescribes a 6-year period in the case of the offense of willfully attempting in any manner to evade or defeat any income tax or the payment thereof or the offense of willfully aiding or assisting in the preparation or presentation of false claims, documents, or returns. A 6-year period is also prescribed in the case of conspiracy to attempt in any manner to evade or defeat any tax or the payment thereof * *."

See Braverman v. United States, 317 U. S. 49, 55, 63 S.Ct. 99, 87 L.Ed. 23.

Section 2553(a) of the Internal Revenue Code of 1939 (now 26 U.S.C. § 4704 (a)) which is alleged to have been violated in the first and substantive count provided:

> "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in section 2550(a) except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession same may be found; and the possession of any original stamped package containing any of the aforesaid drugs by any person who has not registered and paid special taxes as required by sections 3221 and 3220 shall be prima facie evidence of liability to such special tax."

Thus, no one may sell, dispense or distribute narcotics except in or from the original stamped package and the mere act of so doing is declared to be unlawful and a crime. But neither defrauding or attempting to defraud the Government, nor wilful evading or attempting to evade a tax or its payment, are essential in-

gredients of the prohibited act. Indeed, as the statute says, mere absence of the appropriate tax-paid stamps is prima facie evidence of violation by the person in whose possession drugs may be found.

Chapter 23 of the Code dealing with the tax on narcotics does not make the person who purchases, sells, dispenses or distributes narcotic drugs not in or from the original stamped package in violation of § 2553(a) liable for the payment of the tax. 26 U.S.C. § 2550(b) (now 26 U.S.C. § 4701) provides that the tax "shall be paid by the importer, manufacturer, producer, or compounder". Section 2553(a) merely prescribes a general requirement with respect to packaging and makes the purchase, sale, etc., of narcotics which have not been so packaged unlawful. There is nothing in that section to indicate that it was intended to deal with an evasion or an attempt to evade the payment of the tax by the person who so deals with such narcotics, whether wilful or not.

Mere possession alone, in the absence of a satisfactory explanation by the defendant, is sufficient for conviction under § 2553(a). Frazier v. United States, 82 U.S.App.D.C. 332, 163 F.2d 817, affirmed 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187; Woolridge v. United States, 97 U.S.App.D.C. 67, 228 F.2d 38, certiorari denied 351 U.S. 989, 76 S.Ct. 1054, 100 L.Ed. 1502; Martinez v. United States, 1 Cir., 220 F.2d 740.

Since no tax at all may be due from one who is in such illegal possession, plainly the offense is not one of wilfully evading or attempting to evade the payment of the tax.

In the light of the mandate of the Supreme Court that the proviso as to the six year limitation in § 3748(a) is "an excepting clause, and therefore to be narrowly construed" and should "be liberally interpreted in favor of repose" (United States v. Scharton, supra, 285 U.S. at pages 521–522, 52 S.Ct. at page 417), the section plainly cannot be extended by construction to embrace offenses which are not either frauds or attempts to defraud or wilful evasions or

wilful attempts to evade the payment of a tax. Offenses under § 2553(a) not being within such categories do not fall within the exceptions, and the six year statute does not apply. Offenses under § 2553(a) are governed by the general three year statute provided in § 3748(a) which bars the offense charged in the first count. That count must therefore be dismissed.

The same conclusion must be reached with respect to the second or conspiracy count of the second indictment.

The second count charges Valachi with conspiracy (a) to sell, dispense and distribute narcotics not in or from the original stamped package in violation of 26 U.S.C. §§ 2550, 2552 and 2553(a), and (b) to possess narcotics without having registered or paid the special tax provided by 26 U.S.C. §§ 3221 and 3220.

Again the problem is whether a six year or a three year statute of limitations applies. As to this count the question is whether the applicable statute is the special six year statute contained in 26 U.S.C. § 3748(a), or the general three year statute contained in 18 U.S.C. § 3282. Section 3748(a) of Title 26 provided that for the offense of conspiracy "where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof, the period of limitation shall also be six years." Like the exception relating to certain of the substantive tax offenses which has already been discussed, this provision was added to Section 3748 in 1932 to overcome the effect of United States v. Scharton, supra, and United States v. McElvain, supra.

In so far as Count 2 charges a conspiracy to violate the "original stamped package" provisions of 26 U.S.C. §§ 2550, 2552 and 2553(a), what has been previously said with respect to Count 1 has equal force here. The conspiracy to violate these sections which is charged does not have as its object "to attempt in any manner to evade or defeat any tax or the payment thereof" and does not

fall within the six year limitation period provided for such conspiracies in 26 U.S.C. § 3748(a). The three year statute set forth in 18 U.S.C. § 3282, applicable to conspiracies generally, applies to the conspiracy charged in the first portion of Count 2 and bars prosecution upon that charge.

Count 2, however, also charges the defendant with conspiring to violate the special tax and registration requirements of 26 U.S.C. §§ 3220 and 3221. Section 3220 imposes a tax upon every person who "imports, manufactures, produces, compounds, sells, deals in, dispenses, or gives away narcotic drugs". Section 3221 requires registration with the collector of the district by every person who engages in any of the activities enumerated in § 3320. Does a conspiracy to violate §§ 3220 and 3221 as charged in Count 2 have as its object "to attempt in any manner to evade or defeat any tax or the payment thereof" within the meaning of the six year statute of limitations contained in 26 U.S.C. § 3748(a)?

The penalties under § 3220 are contained in 26 U.S.C. § 2557. Section 2557(b)(2) provides that it shall be a misdemeanor for any person required to pay the tax under § 3220 to "willfully fail to pay such tax". Section 2557(b)(3), on the other hand, provides that it shall be a felony for any person required to pay a tax under § 3220 to "willfully attempt in any manner to evade or defeat" such tax or "the payment thereof". This distinction between wilful failure to pay and wilful attempt to evade or defeat payment makes it plain that all violations of § 3220 do not fall within the six year statute of limitations contained in § 3748(a) for § 3220 may be violated without wilfully attempting to evade or defeat the tax or its payment.

The distinction between wilful failure to pay and wilful attempt to evade or defeat is made clear in Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, where §§ 145(a) and 145(b) of the Internal Revenue Code, 26 U.S.C.A. § 145(a, b), relating to offenses

against the income tax laws were construed.

These sections are closely analogous to §§ 2557(b)(2) and 2557(b)(3) under consideration here. Section 145(a) of the Internal Revenue Code made it a misdemeanor to wilfully fail to pay income tax or to make a return. Section 145(b) made it a felony to wilfully attempt in any manner to evade or defeat the income tax. In the Spies case the indictment charged the felony of wilfully attempting to defeat and evade the tax and Spies was convicted of that offense.

The Supreme Court reversed the conviction because the trial court had charged the jury that wilful failure to file a return and wilful failure to pay income tax without more would warrant a finding that the defendant wilfully attempted to evade or defeat the tax. The court distinguished between a wilful failure to pay the tax and an attempt to wilfully evade and defeat the tax in the following language (317 U.S. at pages 497 through 499, 63 S.Ct. at page 367):

" * * * The question here is whether there is a distinction between the acts necessary to make out the felony and those which may make out the misdemeanor.

" * * * But it would be unusual and we would not readily assume that Congress by the felony defined in § 145(b) meant no more than the same derelictions it had just defined in § 145(a) as a misdemeanor. * * *

"The difference between willful failure to pay a tax when due, which is made a misdemeanor, and willful attempt to defeat and evade one, which is made a felony, is not easy to detect or define. Both must be willful, and willful, as we have said, is a word of many meanings, its construction often being influenced by its context. United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381. It may well mean something more as applied to non-

payment of a tax than when applied to failure to make a return. * * *

\* \* \* \* \* \*

"The difference between the two offenses, it seems to us, is found in the affirmative action implied from the term 'attempt', as used in the felony subsection. * * * We think that in employing the terminology of attempt to embrace the gravest of offenses against the revenues Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony.

" * * * By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal. * * *."

Thus the Supreme Court makes it plain that a mere wilful failure to pay a tax does not in itself constitute a willful attempt to evade or defeat its payment. The same distinction applies in the case at bar.

 The conspiracy charged against Valachi in the second phase of the conspiracy count is to possess narcotics without having registered or having paid the special tax under §§ 3221 and 3320 of Title 26. The object of the conspiracy as charged is to commit a misdemeanor under § 2557(b)(2) and not to commit the felony of wilfully attempting in any

manner to evade or defeat the tax or the payment thereof under § 2557(b)(3).

The inclusion among the objects of the conspiracy of possession without registration in violation of 26 U.S.C. § 3221 does not bring the count within the six year limitation in § 3748(a) either. Section 3221 requires a seller or dispenser of narcotics to register with the District Collector. It does not in itself provide for the payment of a tax. Under the strict construction which must be given to the extended limitations in § 3748(a), violation of § 3221 does not constitute either an attempt to defraud the United States or to evade or defeat a tax or its payment.

Thus, the second phase of the conspiracy charged under Count 2, like the first phase, does not have as its object "to attempt in any manner to evade or defeat any tax or the payment thereof" within the meaning of 26 U.S.C. § 3748(a), and that section cannot be extended by construction to embrace the offense charged so as to bring it within the six year statute of limitations there provided.[3]

The statute of limitations applicable to Count 2 is therefore the general three year statute relating to non-capital offenses contained in 18 U.S.C. § 3282, which applies to conspiracy generally and which, on the face of the indictment, bars prosecution for the offense alleged.

The Government urges that Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23, compels a contrary result. I do not agree. There the defendants were convicted on seven counts of conspiring to violate various sections of the Internal Revenue Code relating to alcoholic beverages, and were given separate sentences on each count. The court held (1) that the indictment charged only one, rather than seven conspiracies, (2) that the six year conspiracy statute of limitations contained in 26 U.S.C. § 3748(a) was controlling and that the charge was therefore not time barred.

The court remanded the cause to the district court for re-sentencing only.

Of the sections the defendants were charged with having conspired to violate in Braverman, § 3321 of Title 26 United States Code required, as an element of the offense, that the defendant have the "intent to defraud the United States of such tax". By convicting defendant on this count the jury specifically found that one of the objects of the conspiracy was the intent to defraud the United States of the tax. Since the Supreme Court held that there was a single conspiracy rather than multiple conspiracies the finding by the jury that intent to defraud the United States was among the objects of the conspiracy brought the case within the six year statute of limitations provided in 26 U.S.C. § 3748(a) which the court held was applicable. In the case at bar, unlike the Braverman case, the conspiracy charged does not have among its objects an intent to defraud the United States or to wilfully evade or defeat payment of a tax and the Braverman case is not controlling.

It is doubtful whether the holding of the Court of Appeals in reversing Valachi's prior conviction affects the present problem as defendant urges. The court held that the three year statute of limitations applying to conspiracy generally (18 U.S.C. § 3282) barred the charge against Valachi. In my view it cannot be said that this holding is at all conclusive on the question now before me.

The conspiracy charged was one to violate the substantive narcotics laws, 21 U.S.C. §§ 173, 174, as well as narcotics tax statutes. The jury had returned a general verdict of guilty. The Court of Appeals may have applied the lesser or three year statute, because it was impossible to determine what the jury had found to be the object of the conspiracy in returning a verdict of guilty or because it did not deem conspiracy to vio-

---

3. It may be noted that the court in Spies recognized that its construction would give defendants charged with the misde-meanor "the benefits of a short statute of limitation". 317 U.S. at page 500, 63 S.Ct. at page 369.

late the narcotic tax statutes to be within the contemplation of the six year conspiracy limitation clause of 26 U.S.C. § 3748(a). There is nothing in the opinion to indicate how the court reached its result and speculation will serve no useful purpose.

Since I hold that the second indictment is time barred it is unnecessary to pass upon the other points relied upon by the defendant in support of his motion to dismiss.

The motion to dismiss indictment No. C. 153–156 is granted.

The motion to dismiss indictment No. C. 147–207 is denied.

Settle order on notice.