## UNITED STATES *v.* SCHARTON.

No. 621. Argued March 22, 1932.—Decided April 11, 1932.

---

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher,* and *Messrs. Whitney North Seymour, Sewall Key,* and *John H. McEvers* were on the brief, for the United States.

*Mr. E. Mark Sullivan* for appellee.

Mr. Justice Roberts delivered the opinion of the Court.

The appellee was indicted under § 1114 (b) of the Revenue Act of 1926,[1] the charge being attempts to evade taxes for 1926 and 1927 by falsely understating taxable income. In bar of the action he pleaded that the face of the indictment showed the offenses were committed more than three years prior to the return of a true bill. The plea was sustained and the indictment quashed, on the ground that the period of limitations is fixed by the first clause of § 1110 (a) of the Act,[2] and not, as the appellant contended, in the proviso thereof. The basis of this ruling was that the offense defined by use of the words " evade or defeat " does not involve defrauding or attempting to defraud within the intent of the proviso.

The appellant contends fraud is implicit in the concept of evading or defeating; and asserts that attempts to obstruct or defeat the lawful functions of any department of the Government (*Haas* v. *Henkel,* 216 U. S. 462, 479–480) or to cheat it out of money to which it is entitled

---

[1] U. S. Code, Supp. V, Title 26, § 1266. "Any . . . person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall . . . be guilty of a felony. . . ."

[2] U. S. Code, Supp. V, Title 18, § 585. " No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense: *Provided,* That for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner, the period of limitation shall be six years. . . ."

(*Capone* v. *United States*, 51 F. (2d) 609, 615) are attempts to defraud the United States if accompanied by deceit, craft, trickery or other dishonest methods or schemes, *Hammerschmidt* v. *United States*, 265 U. S. 182, 188. Any effort to defeat or evade a tax is said to be tantamount to and to possess every element of an attempt to defraud the taxing body.

We are required to ascertain the intent of Congress from the language used and to determine what cases the proviso intended to except from the general statute of limitations applicable to all offenses against the internal revenue laws. Section 1114 (a) makes wilful failure to pay taxes, to make return, to keep necessary records, or to supply requisite information, a misdemeanor; and § 1114 (c) provides that wilfully aiding, assisting, procuring, counselling, or advising preparation or presentation of a false or fraudulent return, affidavit, claim, or document shall be a felony. Save for that under consideration these are the only sections in the Revenue Act of 1926 defining offenses against the income tax law. There are, however, numerous statutes expressly making intent to defraud an element of a specified offense against the revenue laws.[3] Under these, an indictment failing to aver that intent would be defective; but under § 1114 (b) such an averment would be surplusage, for it would be sufficient to plead and prove a wilful attempt to evade or defeat. Compare *United States* v. *Noveck*, 271 U. S. 201, 203.

As said in the *Noveck* case, statutes will not be read as creating crimes or classes of crimes unless clearly so intended, and obviously we are here concerned with one meant only to fix periods of limitation. Moreover, the concluding clause of the section, though denominated a proviso, is an excepting clause and therefore to be nar-

---

[3] See U. S. Code, Tit. 26, §§ 261, 306, 316, 555, 667, 775, 843, 1180, 1181, 1184, 1186.

rowly construed. *United States* v. *McElvain,* 272 U. S. 633, 639. And as the section has to do with statutory crimes it is to be liberally interpreted in favor of repose, and ought not to be extended by construction to embrace so-called frauds not so denominated by the statutes creating offenses. *United States* v. *Hirsch,* 100 U. S. 33; *United States* v. *Rabinowich,* 238 U. S. 78, 87–88; *United States* v. *Noveck, supra; United States* v. *McElvain, supra.* The purpose of the proviso is to apply the six year period to cases " in which defrauding or an attempt to defraud the United States is an ingredient under the statute defining the offense." *United States* v. *Noveck, supra.*

*Judgment affirmed.*