## UNITED STATES v. AGNEW.

### Criminal Action No. 13975.

District Court, E. D. Pennsylvania.

March 6, 1947.

Gerald A. Gleeson, of Philadelphia, Pa., for plaintiff.

Jacob Kossman, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Defendant, Sebastian John Agnew, was indicted under Title 18, U.S.C.A. § 80, for causing a false statement to be made in a matter within the jurisdiction of an agency of the United States. It appears that the defendant, Agnew, was vice president and pier superintendent of Charles A. Devlin, Inc., a corporation. Charles A. Devlin, Inc., was a subagent of the War Shipping Administration under the United States Lines Company, which was general agent of the War Shipping Administration, for the servicing of vessels operated under the War Shipping Administration's control in the Port of Philadelphia. The Charles A. Devlin company under its contract, among other things, furnished clerical and guard services in connection with the loading and unloading of War Shipping Administration vessels by stevedores, and the company was paid for these services out of

monies advanced by the United States Lines Company by a special account created by the War Shipping Administration. The indictment avers that the defendant, Agnew, had the authority to employ and discharge employees of the Charles A. Devlin, Inc. He supervised the company's time books reflecting employment; prepared its payrolls; distributed wages on pay day and prepared tally sheets which set forth the time worked on each vessel by the employees, and obtained their signatures attesting to the receipt of wages. All invoices submitted by the Charles A. Devlin, Inc., as claims upon the War Shipping Administration for services rendered were prepared from these tally sheets.

The indictment returned on December 13, 1946, contains 79 counts. In them, defendant is charged with knowingly preparing false pay roll statements over a period of approximately three years by padding the pay roll to include specified names and amounts paid, when, in fact, no such employees existed and no such amounts were paid. The statements were allegedly made both in tally sheets to be used for the invoices, and also in the time and pay roll records of the company, to be used in connection with employer's tax return forms. The first 65 counts of the indictment charge the defendant with knowingly making false statements in a matter within the jurisdiction of the War Shipping Administration. The last fourteen counts charge him with making such statements in a matter within the jurisdiction of the Treasury Department and the Social Security Board.

Defendant has moved to dismiss the entire indictment, alleging that it is void because it was not presented upon oath of the Grand Jury. Defendant has also moved to dismiss counts No. 1 to 14 and 66 to 68, claiming that as to them the applicable three-year statute of limitations has run. 18 U.S.C.A. § 582.

■ Defendant's objection is actually to the form of the indictment. Neither in his papers nor in oral argument has he contended that the Grand Jury was not actually sworn in and that their indictment was not made under oath. Were that the case, the Government concedes it probably would not be opposing the motion. Such is not the issue. The minutes of the Grand Jury disclose that the Grand Jury when convened and impaneled was properly sworn in open court and instructed as to their duties on May 21, 1946, before Judge Welsh of this District. Of this, this Court will take judicial notice. United States v. City of Philadelphia, 3 Cir., 140 F.2d 406, 408; United States v. Fields, D.C., 6 F.R.D. 203.

■ What defendant is actually asserting is that the indictment is void because it does not state in exact words that the Grand Jury presented the indictment upon their respective oaths and affirmations. This is the kind of pleading that the new Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, are meant to avoid. None of the suggested forms for indictments contained in the Appendix of Forms to the Federal Rules of Criminal Procedure include this provision, and rightly so, since one of the objectives of the rules is to eliminate unnecessary phraseology in indictments and encourage "a plain, concise and definite written statement of the essential facts constituting the offense charged." Should there actually be any irregularity in the summoning or array of the jurors, or any objections to individual jurors, Rule 6 affords ample protection to defendants in criminal cases. This indictment is not defective merely because it fails to state that it is presented upon oath. Cf. United States v. Starks, D.C., 6 F.R.D. 43; United States v. Fields, supra.

■ The defendant's second argument is similarly without weight. He contends that the suspension of the statute of limitations contained in Section 19(b) of the War Contract Settlement Act of 1944, 18 U.S.C.A. § 590a, does not apply to the offense with which defendant is charged. The pertinent part of that section reads as follows:

"The running of any existing statute of limitations applicable to any offense against the laws of the United States (1) involving

defrauding or attempts to defraud the United States or any agency thereof whether by conspiracy or not, and in any manner, or (2) committed in connection with the negotiation, procurement, award, performance, payment for, interim financing, cancelation or other termination or settlement, of any contract, subcontract, or purchase order which is connected with or related to the prosecution of the present war, or with any disposition of termination inventory by any war contractor or Government agency * * * shall be suspended until three years after the termination of hostilities in the present war * * *."

If defendant's argument is correct, then the indictment as to counts 1 to 14 and 66 to 68 would have to be dismissed as not found within the three-year period ordinarily applicable. Defendant relies upon United States v. Scharton, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917, which held that a six-year period of limitation for "offenses involving the defrauding or attempting to defraud the United States" is confined to cases in which fraud is made an ingredient of the statute defining the offense, and that it does not apply to the offense of wilfully attempting to evade a tax, even though the attempt charged was by falsely understating taxable income. Cf. also United States v. Noveck, 271 U.S. 201, 46 S.Ct. 476, 70 L.Ed. 904. However, by the statute under which the defendant in this case was indicted (18 U.S.C.A. § 80), the offense is defined inter alia in these terms:

"* * * or whoever shall knowingly and willfully falsify or conceal or cover up any trick, scheme, or device a material fact, or make or cause to be made any *false or fraudulent statements* or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, *knowing the same to contain any fraudulent or fictitious statement or entry* in any matter within the jurisdiction of any department or agency of the United States or of any corporation in which the United States of America is a stockholder, shall be fined not more than $10,000 or imprisoned not more than ten years, or both." (Emphasis supplied.)

Since fraud is made an essential element of the statute, the Court feels that subsection (1) of Section 19(b) of the War Contract Settlement Act effectively tolls the three year limitation ordinarily applicable to defendant's offense. Cf. Weinhandler v. United States, 2 Cir., 20 F.2d 359, certiorari denied 275 U.S. 554, 48 S.Ct. 116, 72 L.Ed. 423.

However, even were defendant's contention correct that causing a false statement to be made in a matter within the jurisdiction of an agency of the United States is not "defrauding or attempting to defraud the United States," the Court feels that subsection (2) of the tolling statute would still be applicable. Defendant does not deny that the offense he is charged with was "committed in connection with the * * * performance [and] payment for, * * * of [a] contract, subcontract * * * which is connected with or related to the prosecution of the * * * war," but contends that this section is to be read as applying only to offenses by war contractors or government agencies. This seems an erroneous construction of the section in view of the purposes and the broad and inclusive language of the act of which it is a part. This view is reenforced by the Report of the Senate Committee on Military Affairs, 1944, United States Code, Congressional Service, page 1161, which stated that under the War Contract Settlement Act:

"*Any person* making or using false statements for any of the purposes of this legislation, if convicted, is liable to a fine of not more than $10,000 or imprisonment for not more than ten years, or both." (Emphasis supplied.)

Section 19(d) of the Act, 41 U.S.C.A. § 101. et seq., specifically applies the statute under which defendant is indicted.

It is true that in criminal cases statutes tolling a statute of limitations should be strictly construed in favor of a defendant. United States v. McElvain, 272 U.S. 633, 47 S.Ct. 219, 71 L.Ed. 451; United States v. Scharton, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917. The construction argued by

defendant's counsel is not within these limits; therefore, defendant's motion to dismiss the indictment is denied.