**KENTUCKY STATE BAR ASSOCIATION,**
Complainant,

v.

**C. Maxwell BROWN, Respondent.**

Court of Appeals of Kentucky.

May 31, 1957.

No appearance for Kentucky Bar Ass'n.

Lee S. Jones, Louisville, for respondent.

PER CURIAM.

On May 4, 1953, C. Maxwell Brown was convicted in the United States District Court for the Western District of Kentucky of income tax evasion, an offense denounced by U.S.C.A., Title 26, § 145(b), and his punishment was fixed at imprisonment for a year and a day, and a fine of $5,000. The Secretary of the Kentucky State Bar Association filed in this court a certified copy of the judgment of conviction and a rule was issued against Mr. Brown in accord with R.C.A. 3.335 to respond within twenty days to show cause why he should not be disbarred from the practice of law by this court.

In due time Mr. Brown filed his response setting up three defenses: (1) His conviction was the result of a combination of errors in judgment on his part in paying income tax which he considered to be taxable in 1949 and 1950 under the case of Allen v. Commissioner, 5 Tax Court Reports, p. 1232, instead of paying taxes on this income in 1946 and 1947, as contended by the government, and combined with the fact that the government determined his income tax for these two years on the basis of "net worth" statements: (2) his conviction was based on a technicality and the offense of which he was convicted under U.S.C.A., Title 26, § 145(b) involved no moral turpitude; (3) his conduct both before and subsequent to his conviction has been good.

In support of his response, Mr. Brown filed a brief in which he cited In re Hallinan, Cal., 272 P.2d 768, in which the Supreme Court of California in an exhaustive opinion held an intention to defraud the United States government is not an essential element in the offense of which respondent here was convicted and that such offense does not involve moral turpitude. Many cases are cited in the Hallinan opinion from the United States Supreme Court, among which are United States v. Scharton, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917, and United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381, to the effect that a conviction under U.S.C.A., Title 26, § 145(b) does not necessarily involve moral turpitude. Respondent attached to his brief a copy of the brief filed in the Supreme Court of California in the Hallinan case which fully discusses the question of whether a conviction under U.S.C.A., Title 26, § 145(b) involves moral turpitude. After considering the authorities cited in this brief we are convinced that Mr. Brown was guilty of no moral turpitude.

We conclude that Mr. Brown's response is a sufficient defense to the rule, therefore the rule against him is now dismissed.

SIMS, Judge (concurring).

I concur with the majority opinion that Mr. Brown's conviction involved no moral

turpitude and that the rule against him should be dismissed. But I feel so strongly that a conviction for income tax evasion based upon the "net worth" method, in the language of Mr. Justice Clark, "is so fraught with danger for the innocent that the courts must closely scrutinize its use." Holland v. United States, 348 U.S. 121, at page 125, 75 S.Ct. 127, at page 130, 99 L. Ed. 150.

While I would in no event attempt to go into the trial of Mr. Brown in the United States District Court in an effort to determine whether he was justly or unjustly convicted, I do want this court's opinion to show what the Supreme Court of the United States has said relative to the danger of the conviction of an innocent man when he is tried under the "net worth" method. Hence, I quote from pages 126, 128 and 129 of the Holland opinion, 348 U.S. 121, 75 S.Ct. 127 at pages 130, 131 and 132.

"One basic assumption in establishing guilt by this method is that most assets derive from a taxable source, and that when this is not true the taxpayer is in a position to explain the discrepancy. The application of such an assumption raises serious legal problems in the administration of the criminal law. * * * This has led many of our courts to be disturbed by the use of net worth method, particularly in its scope and the latitude which it allows prosecutors. * * *

"Although it may sound fair to say that the taxpayer can explain the 'bulge' in his net worth, he may be entirely honest and yet unable to recount his financial history. In addition, such a rule would tend to shift the burden of proof. Were the taxpayer compelled to come forward with evidence, he might risk lending support to the Government's case by showing loose business methods or losing the jury through his apparent evasiveness. * * *

"Trial courts should approach these cases in the full realization that the taxpayer may be ensnared in a system which, though difficult for the prosecution to utilize, is equally hard for the defendant to refute."

After comparing Mr. Brown's conviction with what Mr. Justice Clark wrote in the Holland opinion as to prosecutions based on the net worth method and after a full consideration of what was said in the Hallinan case, I am in full accord with the majority opinion that Mr. Brown's conviction involved no moral turpitude upon his part.