**UNITED STATES of America,**

**v.**

Cecelia **BARDINA,** a/k/a Cecilia Figueroa, a/k/a Cecilia Figuero Bardina, and Roland **Bardina, Defendants.**

**No. 73 CR 87.**

United States District Court,
S. D. New York.

Oct. 9, 1973.

**460**

Paul J. Curran, U. S. Atty., S. D. N. Y., New York City, for the United States; Bart M. Schwartz, Asst. U. S. Atty., of counsel.

Robert B. Schwartz, New York City, for defendant Rolando Bardina.

GURFEIN, District Judge.

The defendant Rolando Bardina moves for the dismissal of counts one through ten of Indictment No. 73 Cr. 87, filed on January 24, 1973, in which he is charged with violating the internal revenue laws 26 U.S.C. §§ 7201, 7206(1), 7203 and 18 U.S.C. § 2, on the ground that the prosecution is barred by the six year statute of limitations pursuant to 26 U.S.C. § 6531(2).

The Government concedes that counts one through ten, alleging violations prior to 1967, would be barred under the six year statute, but contends that the statute of limitation has been tolled because Bardina was in Puerto Rico for at least twenty-five months, and therefore "outside the United States" for purposes of 26 U.S.C. § 6531. The issue is whether Puerto Rico is "outside the United States" for tolling purposes.

Statutes of limitation dealing with statutory crimes are "to be liberally interpreted in favor of repose." United States v. Scharton, 285 U.S. 518, 522, 52 S.Ct. 416, 417, 76 L.Ed. 917 (1932). While the "United States" is defined in 26 U.S.C. § 7701(a)(9) to include "only the States and the District of Columbia," the definition applies only when "United States" is "used in a geographical sense," and the definition applies only "where not otherwise distinctly expressed or manifestly incompatible with the intent thereof."

The Government contends that the House Report implies that "United States" was intended to be used in a geographical sense in § 6531. (H.R.No. 1337, 83d Cong.2d Sess. (1954), cited in 1954 U.S.Code Cong.Adm.News p. 4564). But the report is not explicit with regard to Puerto Rico. The Senate and Conference Reports do not clarify the matter either, explaining that the provisions covers "territorial limits of the United States." (S.R.No.1622, id. at 5237; Conference Report No. 2543, id. at 5341.)

Although it is possible to read the tolling statute restrictively, I think that it would not be right to do so. Congress has also provided:

"All provisions of the laws of the United States applicable to the assessment and collection of any tax imposed by this title or of any other liability arising under this title (including penalties) shall, in respect of such tax or liability, extend to and be applicable in any possession of the United States in the same manner and to the same extent as if such possession were a State, and as if the term "United States" when used in a geographical sense included such possession." 26 U.S.C. § 7651(1).

It is further provided: "This section shall apply notwithstanding any other provision of law relating to any possession of the United States." 26 U.S.C. § 7651(3). And Puerto Rico for purposes of definition is a "possession of the United States." 26 U.S.C. § 7651(3).

█ I think that it would be anomalous to hold that Puerto Rico is part of the United States for purposes of collection and enforcement of civil liability for taxes, while it remains "outside the United States" for persons residing there while the Government fails to indict for income tax violation within the rather long six-year period of limitations. Criminal prosecution is the ultimate in enforcement of the tax laws, and the system of enforcement should not be bifurcated when it is possible to treat it as an integrated whole.

Especially since a taxpayer who is "outside the United States" need not have intended flight to bar the tolling provision, United States v. Myerson, 368 F.2d 393 (2 Cir. 1966), an innocent sojourn in Puerto Rico should not be deemed to be "outside the United States" unless the statute compels such a result. In any event, it makes sense to treat the geographical jurisdiction of the tolling provision as coincident with federal jurisdiction. See J. Carrigan, Tax Crimes—Statute of Limitations— Tolling Provisions, 11 Tax 137 (1956). The Federal Court functions in Puerto Rico, 28 U.S.C. § 119, and removal to this District from Puerto Rico has been available. Fed.R.Crim.P. 54 and 40.

In short, I find no statutory compulsion to decide that Puerto Rico is "outside the United States," and I hold that the statute has run, considering its purpose of barring stale prosecutions. See United States v. Scharton, supra.

The motion to dismiss counts one through ten is granted.

The trial will proceed as to count eleven.

It is so ordered.