**UNITED STATES of America**

v.

**J. P. REED.**

**No. LR–CR–80–67.**

United States District Court,
E. D. Arkansas, W. D.

Sept. 10, 1980.

George W. Proctor, U. S. Atty., and Terry L. Derden, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

Ray Goodwin, Paragould, Ark., for defendant.

## MEMORANDUM OPINION

ROY, District Judge.

This cause is before the Court on a motion by the defendant, J. P. Reed, to dismiss the indictment against him. The indictment, filed on June 16, 1980, alleges that J. P. Reed, in testimony before a grand jury on November 6, 1978, committed perjury in that he denied having taken bribes or kickbacks from two vendors, Paul Baldwin and Jack O'Roark, during part of Reed's tenure as county judge of Greene County, Arkansas, from 1970 through 1972.

A jury was empaneled to hear the case on August 13, 1980, and, after all the evidence, the jury began deliberations on Friday, August 15, 1980. Not being able to reach a verdict that day, the jury was excused until the following Monday, August 18. After the jury deliberated all that morning and until after 3:00 p. m. that afternoon, the Court accepted the jury's statement that it was impossible to reach a verdict and a mistrial was declared.

Subsequently, the defendant filed a Motion for Judgment of Acquittal and a Motion to Dismiss the Indictment.

The defendant bases his motion for dismissal on several grounds: i. e., the delay between the alleged criminal acts and the filing of the indictment (19 months); the denial of a fair and speedy trial as guaranteed by the Fifth and Sixth Amendments of the United States Constitution; and the attempt of the Government to do indirectly what it could not do directly.

We find merit in the defendant's contention that the filing of the indictment in June 1980 when the alleged bribes and kickbacks took place in 1970 through 1972 makes it virtually impossible for defendant Reed to prepare an adequate defense. The nature of the indictment requires Mr. Reed to defend against substantive charges on which the statute of limitations has already run and, as a result, deprives him of a fair trial. Congress, in its wisdom, has enacted appropriate statutes of limitations. In this case the statute of limitations is found in 18

U.S.C. § 3282 [1] which provides in pertinent part that no person shall be prosecuted unless the indictment is filed within 5 years after such offense shall have been committed. The purpose of the statute of limitations is well expressed in the case of *Toussie v. United States*, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), wherein the Court stated:

> "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. *Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishing because of acts in the far–distant past.* "Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity. For these reasons and others, we have stated before 'the principle that criminal limitations statutes are "to be liberally interpreted in favor of repose," *United States v. Scharton*, 285 U.S. 518, 522, 52 S.Ct. 416, 417, 76 L.Ed. 917 (1932).' " (Emphasis added.)

As to the allegations concerning pre–indictment delay, the United States Supreme Court in *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), found that the speedy trial issue raised by the appellee was irrelevant in that case but also pointed out that the accused was protected by the statute of limitations which furnishes "the primary guarantee against bringing overly stale criminal charges." *Id.* at 322, 92 S.Ct. at 464, quoting *United States v. Ewell*, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966). In both of the above cases the time period in which the indictment was proceeded on had not exceeded the applicable statute of limitations. A similar factual situation existed in *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). In the case of *United States v. Weaver*, 565 F.2d 129 (8th Cir.1977), the Court held that the applicable statute of limitations is usually considered the primary guarantee against bringing overly stale criminal charges. However, the due process clause does play a limited role in protecting the defendant against oppressive delay.

While the charge contained in the indictment is perjury,[2] to contend that Reed must only defend against a charge of making a false statement to the grand jury is unrealistic. In order to prove in 1980 at the time of trial that Reed perjured himself in 1978, the Government must prove that the defendant did, indeed, take bribes in 1970 through 1972. Since the Government was precluded by the statute of limitations from filing an indictment against the accused for taking bribes or kickbacks while serving as county judge, it would be very unfair to let the Government do indirectly what it cannot do directly.

If, in light of the operation of statutes of limitations, the operation of due process is limited, the metes and bounds of that limited area may be more precisely defined by a situation such as this. While the delay between the alleged criminal acts and the indictment is, on its face, 19 months, a long but not necessarily excessive period, the actual delay was not 19 months but 8 to 10 years. The situation herein is unreasonable, prejudicial, and violative of due process on its face.

Of course, the Court has had the benefit of having presided over the trial of this matter already. The trial itself, more than the hearing on the Motion to Dismiss the Indictment, pointed out the paucity of resources available both to the prosecution and the defense after a lapse of 8 to 10

---

1. This Court has considerable respect for the United States Attorney's Office and recognizes that arm of the Government has considerable discretion in determining which cases should be prosecuted. However, that discretion cannot extend beyond the clearly expressed will of Congress as expressed in the appropriate limitation statutes.

2. Considering this charge alone, the statute of limitations has not run.

years. Substantial prejudice to the defendant is evident. Due to the delay between the alleged criminal acts of bribery and the indictment, affording the defendant a fair trial became impossible. The charge was perjury but the foundation for the charge was bribery. The delay in time from the tenure of the defendant as county judge for Greene County until the date of the indictment, and the still further delay from the date of the indictment to the date of the trial, made it difficult to find witnesses who could testify with certainty as to events which occurred 8 to 10 years ago. Also, this situation made it difficult for the defendant to rebut the testimony of the government witnesses who were relying in chief on memory. One of the government witnesses, Jack O'Roark, testified that he deliberately destroyed his records so that nobody could prove anything on him. Paul Baldwin testified that his records were incomplete, and the records of government witness Bob Little fell through a rotting floor and were lost. The Government at trial produced few documents except the inconclusive Greene County records and Mr. Reed was able to locate only three documents because no more were available after the long passage of time between the transactions and the trial.

As the evidence at the hearing on the Motion to Dismiss the Indictment reflected, three potential witnesses for the defendant had died in the long interim between 1972 and the indictment. Presumably, such testimony would have been favorable with respect to defendant's dealings with the county and with the vendors.

The law school definition of "due process" is "fundamental fairness." Does it violate a common–sense perception of what is fundamentally fair to bring an accused to trial founded on accusations which are based on transactions of 8 to 10 years ago when no material records, inculpatory or exculpatory, are available and the accused's primary witnesses have died? It must be concluded

that this long delay between the basic transactions and the indictment renders a prosecution exceedingly unfair to an accused.

While this Court would never favor allowing defendants to avoid prosecution because of "technicalities," due process is no "technicality." A government must, above all, be fair to its citizens. The doctrine of due process must be protected at all times to guarantee the continued enjoyment of the right to life, liberty and property. Due process is not a technicality; it is a necessity. For the foregoing reasons the facts of this case require that the indictment be dismissed.[3]

The Motion for Judgment of Acquittal is dismissed as being moot.

---

**3.** This opinion is not intended to reflect adversely upon the actions by the United States Attorney's Office but merely indicates a different point of view upon the legal issues involved herein.