### UNITED STATES

v.

**Thomas W. DOWTY, 307–66–4647, Lieutenant (O–3), U.S. Navy.**

**NMCM 96 01535.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

6 May 1997.

LT Randy S. Kravis, JAGC, USNR, Appellate Government Counsel.

LT John J. Luke, JAGC, USNR, Appellate Defense Counsel.

Before McLAUGHLIN, SEFTON and WYNNE, Appellate Military Judges.

WYNNE, Judge:

This case is before us on an appeal by the United States in accordance with Article 62,

Uniform Code of Military Justice, 10 U.S.C. § 862 (1994) [hereinafter UCMJ]. The Government asserts that the military judge improperly dismissed several specifications "by reason of the running of the statute of limitations."[1] We agree; this court-martial may proceed as to all charges and specifications referred for trial. RULE FOR COURTS-MARTIAL 908(c)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.]. In the interest of economy, we act on two pending motions and set out our rationale below.

On 14 March 1997, and again on 17 April 1997, the Government asked this court "to decide this case as expeditiously as possible." Government Motion for Expedited Review of Government Appeal and Government Second Motion for Expedited Review of Government Appeal. To the extent today's decision satisfies that request, the Government's motions are granted.[2]

█ The singular issue before us is the effect of the delay occasioned by appellee's invocation of his right to challenge a subpoena issued by the Government under the Right to Financial Privacy Act on the statute of limitations applicable to his trial by court-martial. 12 U.S.C. §§ 3401–3422; Art. 43, UCMJ, 10 U.S.C. § 843. Our decision today, as a matter of law and practice is the reconciliation of the two applicable statutes. Art. 62, UCMJ, 10 U.S.C. § 862(b).[3]

The statutes of concern are not disputed. Our generally applicable statute of limitations provides:

Except as otherwise provided in this section (article), a person charged with an offense is not liable to be tried by court-martial if the offense was committed more than five years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command.

Art. 43(b)(1), UCMJ, 10 U.S.C. § 843(b)(1).

The Right to Financial Privacy Act provides:

If any individual files a motion or application under this chapter which has the effect of delaying the access of a Government authority to financial records pertaining to such individual, any applicable statute of limitations shall be deemed to be tolled for the period extending from the date such motion or application was filed until the date upon which the motion or application is decided.

12 U.S.C. § 3419.

Nor is there any dispute that the period required for resolution of the appellee's application and motion under the Right to Financial Privacy Act, by the District Court for the District of Columbia, totaled 8 months and 2 days.[4] The only dispute involves the effect of this delay. The military judge correctly concluded:

24. That if this eight months and two days is subtracted from the period of time from the date the first three actions were allegedly committed by the accused to the date the sworn charges and specifications were received by the officer exercising summary court-martial jurisdiction, the amount of time which expired from the

1. Record, Appellate Exhibit VIII. The military judge did an admirable job of setting out the relevant facts and the authority upon which he relied. We have attached his efforts, Appellate Exhibit VIII, and refer to it hereinafter as Appendix I.

2. Our duty in this matter is clear. Art. 62, UCMJ, 10 U.S.C. § 862 and R.C.M. 908. "The assurance that motions to ... dismiss ... are correctly decided through orderly appellate review safeguards both the rights of defendants and the 'rights of public justice.' " *United States v. Loud Hawk,* 474 U.S. 302, 313, 106 S.Ct. 648, 655, 88 L.Ed.2d 640 (1986)(quoting *Beavers v. Haubert,* 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950 (1905)).

3. The Right to Financial Privacy Act has been generally applied to courts-martial by both our superior court and other Federal courts. *See United States v. Curtin,* 44 M.J. 439 (1996), *and McDonough v. Widnall,* 891 F.Supp. 1439 (1995). To the extent that *United States v. Wooten,* 34 M.J. 141 (C.M.A.1992), might be read to contrary, *Curtin,* sets the record straight.

4. *Dowty v. Department of Defense,* No. 94–2015 (D.D.C. May 17, 1995) (Order denying Petitioner's Motion to Challenge Government's Access to Financial Records). Appellate Exhibit III to the record of trial contains a copy of this order and the supporting documentation upon which the district court relied in deciding appellee's motion.

first three actions until receipt of sworn charges by the officer exercising summary court-martial jurisdiction occurred is less than five years. [The applicable statute of limitations was tolled and has not run.] 25. That conversely, if this eight months and two days is not subtracted, the amount of time from each of the first three actions allegedly committed by the accused until receipt of sworn charges by the officer exercising summary court-martial jurisdiction is in excess of five years. [The applicable statute of limitations has run.]

Appendix I.

In dismissing the charges by reason of the running of the statute of limitations, the military judge viewed the two applicable statutory schemes as either-or propositions and elected to enforce one at the expense of the other. Appendix I. This approach is a straightforward extension of the practical question presented, and it is understandable given the zigzag course we have followed in defining the relationship between the Uniform Code of Military Justice and the remainder of the United States Code.[5] The train-wreck model is, however, fundamentally flawed.

 In deciding that the last-passed statute controlled by its own language, the military judge implicitly relied on statutory construction, legislative intent, and implied repeal.[6] Undoubtedly, in a free society, ambiguities in criminal statutes "should be resolved in favor of lenity." *Rewis v. United*

*States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971). As a corollary, limitations on prosecution must be liberally interpreted in favor of repose. *United States v. Scharton*, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917 (1932); *but see Badaracco v. Commissioner of Internal Revenue*, 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984)(suspension of the statute of limitations reconciled with other applicable statutes). We cannot disagree that the legislative intent known to us is at best a cross wind, or that reasonable minds might differ on these lesser questions.[7] But the trial judge overlooked the cardinal principle.

It is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible.... It is not sufficient, as was said by Mr. Justice Story in *Wood v. United States*, 16 Pet. 342, 362, 363, 10 L.Ed. 987, "to establish that subsequent laws cover some or even all of the cases provided for by [the prior act]; for they may be merely affirmative, or cumulative, or auxiliary." There must be "a positive repugnancy between the provisions of the new and those of the old...."

*United States v. Borden Co.*, 308 U.S. 188, 198–99, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939).

The trial judge perceived a statutory conflict from contrary factual results, and implicitly applied the doctrine of implied repeal to resolve that conflict. *See* Appendix I.[8] The

---

5. Confusion, created by a code within a code, existed even at the birth of our modern Uniform Code of Military Justice, 10 U.S.C. §§ 801–946 (1994). Article 134, UCMJ, 10 U.S.C. § 934, envisions the use of other sections of the United States Code, but the legislative history also includes an expression of doubt that some sections of the United States Code might not be applicable to court-martial cases. S.REP. No. 81–486 (1949), *reprinted in* 1950 U.S.C.C.A.N. 2222.

6. Murphy's Law of Statutory Construction might be expressed: "For every maxim there is an equal and opposite maxim." *See generally* PAUL DICKSON, THE NEW OFFICIAL RULES (1989). And even after choosing one, the application of maxims is *not always helpful*. For example, given the facts that the statutes leapfrog one another, it is difficult to conclude what might have repealed what. Appendix I details the effective dates of the statutes in question.

7. In the absence of the cardinal principle we now apply, we would be inclined, as a matter of law and policy, to give deference to the trial bench. *United States v. Burris*, 21 M.J. 140, 144 (C.M.A.1985).

8. Of course, it is also possible that the military judge simply gave greater weight to Article 43, UCMJ, 10 U.S.C. § 843, because this trial is a court-martial. If that was the case, we also reject any implication or inference that the provisions of Title 10 have some greater or lesser authority in courts-martial than applicable statutes catalogued elsewhere. Most of the statutes applicable to courts-martial are found in Title 10 of the United States Code, although some are located elsewhere. *Compare* Art. 1, UCMJ, 10 U.S.C. 801 *with* 28 U.S.C. § 1259. A statute's "position in the code" may help us construe it. *United States v. Harris*, 220 F.Supp. 289 (D.Md.

law requires, however, that we inductively construe the statutes in question in order to apply them rather than deductively eliminating one of them.[9]

> For it is "not enough to show that the two statutes produce differing results when applied to the same factual situation." *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976). Rather, the legislative intent to repeal must be manifest in the "positive repugnancy between the provisions." *United States v. Borden Co.*, 308 U.S. 188, 199, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939).

*United States v. Batchelder*, 442 U.S. 114, 122, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979).

The lesser rules of internal statutory construction, such as the favor shown leniency and repose, simply do not apply. *See Rewis*, 401 U.S. at 812, 91 S.Ct. at 1059–60; *and Scharton*, 285 U.S. at 522, 52 S.Ct. at 417.[10]

We would not be satisfied with this mechanical approach if it were inconsistent with constitutional or other historical safeguards, but this is not the case. *See generally United States v. Zamberlan*, 45 M.J. 491 (1997)(Sullivan, J., concurring in the result). Neither of the statutes before us has a constitutional underpinning, and both are subject to waiver. *See United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); *United States v. Taliaferro*, 979 F.2d 1399 (10th Cir.1992); 12 U.S.C. § 3408; *and* R.C.M. 907(b)(2)(B).

Expressed in classical rhetoric, we conclude that both the Right to Financial Privacy Act and the applicable statute of limitations are shields and not swords, and, having picked up both, appellee is without a free hand to assert one over the other. Said less

dramatically, we are not uncomfortable with the *de facto* waiver inherent in our decision. *Compare United States v. King*, 30 M.J. 59, 66 (C.M.A.1990) (accused cannot be responsible for or agreeable to a delay and then turn around and demand dismissal for the same delay) *with United States v. Salter*, 20 M.J. 116, 117 (C.M.A.1985)(court would not impose upon an accused a waiver of the right to plead the statute of limitations).[11]

In addition to his conclusion that the Right to Financial Privacy could not apply, the trial judge's findings and conclusions present one alternative theory. The military judge concluded:

> II. Alternatively, even if the [sic] Section 3419 of RFPA stops, for certain periods, the running of Article 43(b)(1) statute of limitations, the eight months and two days [sic] delay ... would not, *in this case*, be excludable delay under Section 3419 because the accused's filing of his motion [in the District Court] on 15 September 1994 *did not have the effect of delaying governmental access to the subpoenaed records.*

Appendix I.

The military judge applied the wrong legal standard in reaching his conclusion that the Government failed to meet the requirements of the Right to Financial Privacy Act. We comment briefly for the sake of clarity.

Under the Right to Financial Privacy Act, the applicable statute of limitations, in this case Article 43 of the UCMJ, 10 U.S.C. § 843, is tolled during the pendency of challenges to government subpoena if the individual's, in this case the accused's, challenge to the subpoena "has the effect of delaying the access of a Government authority to financial

---

1963). But no statute may gain in value simply from its location; otherwise we might just as well give greatest dignity to Title 37 because it authorizes our pay. 37 U.S.C. § 204.

**9.** Even the comity among our Federal courts with regard to courts-martial is a product of this inductive approach. See *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975) (conspicuously contrary jurisdictional statutes, 10 U.S.C. § 876 and 28 U.S.C. § 1331, read in accord with one another).

**10.** And even if they did, other applicable principles of statutory construction, might produce a different result. For example, when statutes are construed *"in para materia"* the specific governs the general. See *Russell v. Widnall*, 915 F.Supp 1108, 1116 (D.Colo.1996). But which statute is the more specific?

**11.** While we do not consider it dispositive, we note that appellee was represented by counsel in asserting his right to financial privacy. Record, Appellate Exhibit III.

records pertaining to such individual...." 12 U.S.C. § 3419.

In applying the Right to Financial Privacy Act the military judge concluded that the Government must show, in addition to judicial delay, the failure of extrajudicial efforts to obtain the subpoenaed records. Specifically the military judge found that the Government did not attempt to obtain the records of the joint accounts in question from appellee's ex-wife. Appendix I. Absent this required showing that extrajudicial efforts would not have prevented delay, the military judge found that the requirement of the Right to Financial Privacy Act had not been met and dismissed the affected charges under the statute of limitations. The requirement for extrajudicial efforts confuses the burden of proof, which the Government bears under the facts found, with the requirements of the statute under the facts presented. R.C.M. 905(c)(2)(B).

The military judge's findings of fact are not clearly erroneous; they are not erroneous at all, but they are not all the facts. The District Court for the District of Columbia found that the Government "complied with the Right to Financial Privacy Act." *Dowty v. Department of Defense*, No. 94–2015 (D.D.C. May 17, 1995) (Order denying Petitioner's Motion to Challenge Government's Access to Financial Records).

■ The use of financial records obtained in violation of the Right to Financial Privacy Act is unlawful. *McDonough v. Widnall*, 891 F.Supp. 1439 (1995). Financial records obtained using the creative methods required by the trial judge might not be excluded at trial. *See United States v. Wooten*, 34 M.J. 141 (C.M.A.1992). But any requirement for the use and failure of extrajudicial methods is simply inconsistent with the statutory scheme and fundamental fairness for both parties. *See id.* at 148. The Government followed the rules, and we commend rather than second-guess.

Accordingly, the trial judge's dismissal of Specifications 1, 2, and 3 of Charges I, II, III, and IV is set aside. Appellee's court-martial may proceed as to all charges and specifications referred for trial. R.C.M. 908(c)(3).

Senior Judge McLAUGHLIN and Judge SEFTON concur in result.