**UNITED STATES of America**

v.

**Mary E. GREMILLION–STOVALL**

**No. CRIM 0597A.**

United States District Court,
M.D. Louisiana.

Oct. 17, 2005.

David R. Dugas, Esq., United States Attorney by Rene Irvin Salomon, Esq., Assistant United States Attorney, Baton Rouge, LA, for Plaintiffs.

Rebecca L. Hudsmith, Esq., Federal Public Defender for the Middle & Western, Districts of Louisiana by Jean M. Faria, Esq., Assistant Federal Public Defender, Baton Rouge, LA, for Defendants.

## RULING ON MOTION

JOHN V. PARKER, District Judge.

This matter is before the court on a motion to dismiss (doc. 12) filed by the defendant, Mary E. Gremillion–Stovall. The Government opposes the motion (doc. 14). There is no need for oral argument.

On April 14, 2005, the grand jury returned a one-count indictment charging Defendant with violating 18 U.S.C. § 1001(a)(1) and (a)(2). The indictment alleges that from April of 1998 to November of 2002, Defendant executed "a scheme to conceal material facts" from the U.S. Department of Agriculture ("USDA") and made false and fraudulent statements and representations to obtain a home loan, payment subsidies, and food stamps from the agency. According to the indictment, Defendant represented that she was the sole wage-earning adult in her household, when in truth, Defendant's then-boyfriend, Mr. Stovall, lived in her household and earned a substantial income.

Defendant moves to dismiss the portion of the indictment alleging conduct that occurred before April 14, 2000. Defendant contends that the five year statute of limitations found in 18 U.S.C. § 3282 prevents the Government from including such allegations.

## LAW AND DISCUSSION

At the time of the offenses alleged in the indictment, 18 U.S.C. § 1001 provided in part:

(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2) makes any materially false, fictitious, or fraudulent statement or representation; or

(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be fined under this title or imprisoned not more than 5 years, or both.

18 U.S.C. § 1001(a) (2003).

18 U.S.C. § 3282 provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a).

It is alleged in the indictment that on April 14, 1998, February 22, 1999, and April 5, 1999, Defendant applied for a home loan and attended an orientation session for new home buyers, falsely representing that she was the sole wage-earning adult in her household. It is further alleged that on April 5, 1999, February 9, 2001, and August 13, 2001, Defendant applied for USDA payment subsidies, falsely representing that she was the sole wage-earning adult in her household. Finally, it is alleged in the indictment that on March 1, 2001, June 13, 2001, and July 31, 2001, Defendant applied for USDA food stamps, falsely representing that she was the sole wage-earning adult in her household.

Defendant contends that because the grand jury returned the indictment on April 14, 2005, Section 3282 prevents the Government from including any offenses based on conduct that occurred before April 14, 2000. This would exclude statements made by Defendant in connection with applying for the loan, as well as statements made when she applied for payment subsidies in April of 1999.

The Government contends that the indictment was timely because Defendant is charged with executing a scheme, which is a "continuing offense." According to the Government, the statute of limitations did not begin to run until Defendant's scheme ended—when she made her last false statement in August of 2001 or, alternatively, in November of 2002 when Defendant collected the last of the proceeds from her "scheme."

The Supreme Court set forth the test for continuing offenses in *Toussie v. United States,* 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970). In that case, the defendant was charged under the Universal Military Training and Service Act with failing to register for the draft. The law provided that it was the duty of every male citizen between the ages of 18 and 26 to register. Registration was required to take place on the person's 18th birthday or within five days thereafter. Accordingly, the defendant was required to register between June 23 and June 28, 1959, but he failed to do so. On May 3, 1967, he was indicted.

The defendant moved to dismiss the indictment, arguing that prosecution was barred by the five year statute of limitations found in Section 3282. The defendant contended that his crime was complete in 1959 and could not be the subject of a prosecution eight years later. The Government agreed that the crime was complete in 1959, but argued that it continued to be committed each day that the defendant failed to register. The district court agreed, ruling that because the Service Act imposed a continuing duty to register, a man who fails to do so can be prosecuted until his 31st birthday (five years after his duty to register ends). The court of appeals upheld the district court's decision.

■ According to the Supreme Court, the indictment was timely if the offense was a continuing one. The Court began its analysis by noting that "criminal limitations statutes are 'to be liberally interpreted in favor of repose.'" *Toussie,* 397 U.S. at 115, 90 S.Ct. 858 (quoting *United States v. Scharton,* 285 U.S. 518, 522, 52 S.Ct. 416, 76 L.Ed. 917 (1932)). Therefore, according to the Court, the doctrine of continuing offenses should be applied "in only limited circumstances" when "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id.*

Looking to the history of the Service Act, the Court found that the defendant's failure to register was not a continuing offense. Under early drafts of the legislation, all eligible men were required to register on a particular day. Registration was a "single, instantaneous act," and, according to the Court, the failure to register at that time was a completed offense. Later, Congress declared that all men between the ages of 18 and 26 would be subject to registration. The Court found that this imposition of a continuing duty to register did not indicate that Congress intended that the statute of limitations not begin to run when the crime was first complete. According to the Court, Congress did not intend to treat continued failure to register as a renewal of the original crime or the repeated commission of new offenses. The amended Service Act merely "perpetuated the conception of the first registration that a man must register at a particular time and his failure to do so at that time is a single offense." *Id.* at 119, 90 S.Ct. 858. The Court found nothing inherent in the act of registration that made failing to do so a continuing offense. Thus, the prosecution was barred by the statute of limitations.

The Government contends that a "scheme" is, by its nature, a continuing offense and, therefore, Congress' use of the word "scheme" in 18 U.S.C. § 1001(a)(1) compels a conclusion that Defendant is charged with a continuing offense.

The Government cites *United States v. Heacock,* 31 F.3d 249 (5th Cir.1994). There, the defendant was charged with violating Section 1001 by using a scheme to conceal from the Internal Revenue Service in sixteen different ways the nature and extent of his bookmaking operation between 1980 and 1992. The defendant had taken "deliberate steps" to avoid paper trails, and his real profits differed significantly from his reported profits. The Government sought to introduce evidence obtained more than five years from the date of the indictment, and the defendant contended that this was precluded by the statute of limitations. The court noted that Section 3282 is a defense to prosecution, not a rule of evidence and further observed that the statute of limitations "does not begin to run on a 'scheme' crime ... until each overt act constituting the scheme has occurred, because the case cannot be brought and proved until that time." *Heacock,* 31 F.3d at 256. The court did not address *Toussie.*

*Heacock* is distinguishable from the instant case. The *Heacock* court likened the scheme at issue there to a conspiracy. Accordingly, the court relied on a case involving a conspiracy to support its holding that the evidence at issue was admissible. *See United States v. Girard,* 744 F.2d 1170 (5th Cir.1984). In *Heacock* and *Girard,* the crime was not complete until each overt act constituting the scheme had occurred, i.e., until the scheme was complete. *Heacock,* 31 F.3d at 256. The case before this court does not involve the type of

"scheme crime" that was at issue in *Heacock.*

■ As noted, the indictment at issue here alleges that Defendant applied for a home loan on April 14, 1998, February 22, 1999, and April 5, 1999, and that Defendant applied for payment subsidies on April 5, 1999. According to the indictment, in making each application, Defendant concealed the fact that Mr. Stovall resided with her and earned substantial wages. The Government admits that a case could have been "brought and proved" when Defendant made each individual application for benefits. Therefore, unlike *Heacock,* each alleged application was a completed offense, not merely an act in a prolonged crime.

The Government also cites *Bramblett v. United States,* 231 F.2d 489 (D.C.Cir.1956), where the court held that the statute of limitations did not begin to run until the defendant's scheme was complete. The defendant, a member of Congress, presented the Disbursing Office of the House of Representatives an allowance form in which he designated that he had a clerk. The defendant did not in fact have a clerk, and he used the money paid for the clerk's salary for his own benefit. This conduct continued until December of 1950. Each month, the government paid the defendant's putative clerk, and periodically the putative clerk's husband paid the defendant. The Government prosecuted the defendant under § 1001, charging him in an indictment issued June 17, 1953, with falsifying a material fact by a scheme. The defendant asserted that the indictment was untimely under the three-year statute of limitations that applied at the time. The Court disagreed, finding that the defendant's offense was similar to a conspiracy because the scheme continued over a period of time. *Bramblett,* 231 F.2d at 491.

*Bramblett* was decided before *Toussie* and, therefore, does not contain the analysis mandated by the Court in that case. And it is not clear that the D.C. Circuit's analysis in *Bramblett* is consistent with *Toussie.* The *Toussie* case is controlling, and this court must follow it.

The Government noted in its opposition that it could have charged Defendant with committing multiple offenses, but exercised its discretion and charged her with executing a scheme. Under the Government's argument, that charging decision could delay the running of the limitations period. "With this approach, the limitations period would be virtually unbounded." *United States v. Yashar,* 166 F.3d 873, 879 (7th Cir.1999). As the court noted in *Toussie,* "questions of limitations are fundamentally matters of legislative, not administrative decision . . . ." *Toussie,* 397 U.S. at 121, 90 S.Ct. 858.

The Supreme Court has determined that criminal limitations statutes must be liberally interpreted in favor of repose and that the doctrine of continuing offenses is to be applied only in limited circumstances. The court finds that the language of 18 U.S.C. § 1001 does not explicitly compel that the conduct alleged in the indictment be construed as a continuing offense, nor does the nature of the alleged conduct compel such an outcome—merely calling the conduct a scheme is not sufficient.

Accordingly, the portion of the indictment containing allegations concerning conduct that occurred before April 14, 2000, is untimely under 18 U.S.C. § 3282.

## CONCLUSION

For the foregoing reasons, the motion to dismiss (doc. 12) filed by the defendant, Mary E. Gremillion–Stovall, is hereby **GRANTED,** and that portion of the indictment containing allegations concerning

conduct that occurred before April 14, 2000, is hereby dismissed.