KELLY] J.
{concurring in part and dissenting in part). I concur in the majority’s affirmance of the Court of Appeals decision regarding the appropriate statute of limitations. A violation of the felony-nonsupport statute, MCL 750.165(1), does not fall under the ten-year period of limitations in MCL 600.5809(4). Instead, as the Court of Appeals and the majority recognized, it falls under the six-year “catch all” provision of MCL 767.24(5).
I dissent from part IV and the conclusion of the majority opinion because I believe that the Court of Appeals was correct when it found that felony nonsupport is a continuing violation. Consequently, I would affirm the conclusions of the Court of Appeals. Also, I would leave unmolested People v Westman,[1] upon which the continuing violations theory relies.
CONTINUING VIOLATIONS ARE DISFAVORED
Statutes of limitations serve important purposes in our criminal justice system. Not only do they protect defendants from having to defend against stale claims, they pressure law enforcement officials to act promptly. The public is served by them in that wrongdoers are brought to justice more quickly. Also, an accused is less likely to be deprived of evidence or witnesses lost through the passage of time.
It is apparent that statutes of limitations find their base in equitable concerns. This fact has led the United States Supreme Court to direct that criminal limitations statutes “be liberally interpreted in favor of repose[.]” United States v Habig, 390 US 222, 227; 88 S Ct *60 926; 19 L Ed 2d 1055 (1968), quoting United States v Scharton, 285 US 518, 522; 52 S Ct 416; 76 L Ed 917 (1932) (internal quotation marks omitted).
In Toussie v United States,[2] the Supreme Court recognized that the doctrine of continuing offenses could contradict the very goals and purposes of statutes of limitations. The tension between the two is clear. Limitation statutes restrict an accused’s exposure to legal proceedings. A continuing violation perpetuates it, decreeing that each day an accused does not eliminate his violation of a statute, he violates it again. Toussie v United States, 397 US 112, 114-115; 90 S Ct 858; 25 L Ed 2d 156 (1970).
Courts should not resolve this tension by never viewing an offense as a continuing violation. Rather, they must exercise particular diligence before deciding that the intent of the legislature was that an offense constitutes a continuing violation. The Supreme Court gave us this guidance in Toussie:
[A conclusion that a violation is a continuing violation should not be made] unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one. [Id. at 115.]
THE LEGISLATURE INTENDED A CONTINUING OFFENSE IN MCL 750.165(1)
Whether a continuing violation exists is a matter of statutory interpretation. As in all such matters, our *61 goal is to give effect to the Legislature’s intent in enacting the statute. People v Tombs, 472 Mich 446, 451; 697 NW2d 494 (2005). Our starting point is the language that it chose.
MCL 750.165(1) provides:
If the court orders an individual to pay support for the individual’s former or current spouse, or for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both. [Emphasis added.]
Here, the Legislature has created two distinct ways of committing the crime: (1) failing to pay support in the required amount or (2) failing to pay at the time stated in a court order. I believe that the “or” used in this statute is significant. The Legislature intentionally placed it there to create two separate ways of committing the offense.
Wherever possible, every word of a statute should be given meaning, and no word should be treated as surplusage or made nugatory by court interpretation. People v Warren, 462 Mich 415, 429 n 24; 615 NW2d 691 (2000). By reading MCL 750.165(1) as not providing for the possibility of a continuing violation, the majority has rendered the Legislature’s use of the word “or” nugatory. The majority interprets the statute as if it reads: “the individual does not pay the support in the amount at the time stated in the order[.]” But this changes its meaning.
The majority has replaced the two ways to commit the offense of felony nonsupport with one. As the majority reads the statute, a person is guilty of the offense whenever that person fails to pay the full amount ordered at the time ordered. It does not matter *62 if the defendant pays a partial amount or nothing at all. All that matters is that the failure to pay occurs at the time for payment stated in the support order.
The majority acknowledges that the Legislature intended two separate ways to violate the statute. But its analysis strays from its acknowledgement. Because the Legislature intended two separate ways to commit the offense, “or” cannot be read out of the statute as the majority has done.
The majority’s reading effectively replaces “or” with “and.” “[T]he individual does not pay the support in the amount and at the time stated in the order[.]” Again, I cannot agree with departing from the language of the statute as the majority has done. “And” is conjunctive. “Or” is disjunctive. They do not mean the same thing. Nothing in the text of the statute indicates that the Legislature intended “and” but inadvertently used “or” in its place. The choice appears intentional. The Legislature sought to create two means of committing felony nonsupport, and it did so by use of the disjunctive “or.”
Without good cause to conclude otherwise, we must assume that the Legislature chose the words of the statute purposely and intentionally. Detroit v Redford Twp, 253 Mich 453, 456; 235 NW 217 (1931). Because nothing in the statute contradicts the conclusion that the choice was intentional, the Court should honor the Legislature’s use of “or” in MCL 750.165(1).
The first way to violate the statute is by failing to pay the amount ordered. There is no limitation in the statute on when the failure to pay must occur. Therefore, nothing prevents it from continuing past the date for payment specified in the order. In fact, an individual, such as defendant in this case, fails to pay support “in the amount” ordered not only each pay period but each day he is in arrears. In this case, *63 defendant continuously failed to pay the amount he owed as his arrearage mounted. Thus, he continued to commit the crime of felony nonsupport. Accordingly, the amount-owed part of MCL 750.165(1) should be read as providing for a continuing offense.
The majority points to MCL 750.161 as evidence that the Legislature did not have that intention. In MCL 750.161(6),[3] the Legislature indicates that violation of MCL 750.161(1) is a continuing offense. The majority argues that the failure to include a provision similar to MCL 750.161(6) in the felony-nonsupport statute demonstrates an intent not to create a continuing violation. I disagree.
By enacting MCL 750.161(6), the Legislature indicated that each and every offense contained in MCL 750.161(1) is a continuing offense. This is despite the fact that, by their nature, certain of the offenses could be interpreted otherwise. For instance, without the instruction to view it as a continuing offense, desertion[4] normally would be a one-time event. While a person may repeatedly abandon his or her spouse or children, the act is not continuous. The Legislature’s inclusion of MCL 750.161(6) changes this noncontinuous event into a continuous event.
By contrast, the failure to pay support is by its nature continuous. Applying Toussie and given the nature of felony nonsupport, the Legislature must assuredly have *64 intended that it be treated as a continuing crime. As correctly pointed out by the Court of Appeals, even a single unsatisfied child support payment will grow because the court periodically adds a surcharge to it. For these reasons, the Legislature may not have seen the need to include a section such as MCL 750.161(6) in order to tell us that felony nonsupport is a continuing offense. In any event, the language of the “amount owed” portion of the statute speaks for itself. I would allow it to do so in this case.
Here, defendant did not pay court-ordered support continuing over a period of years and resulting in an accumulated arrearage of over $57,000. The Court of Appeals was right when it found that it was because of defendant’s continuing failure to pay support that the lower court correctly bound defendant over for trial.
I do not make this finding of a continuing violation lightly. I recognize the extra scrutiny required under Toussie. But I believe that the explicit language of the substantive criminal statute compels this conclusion. Toussie, 397 US 115. In MCL 750.165(1), the Legislature explicitly and intentionally used the word “or.” In so doing, it created an “amount owed” offense that, by its nature, constitutes a continuing offense. By effectuating the intent of the Legislature, my interpretation meets the requirements articulated by the Supreme Court in Toussie.
THE EX POST FACTO CLAUSES WERE NOT VIOLATED
Defendant points out that MCL 750.165 was substantively amended effective November 3,1999, whereas his failure to pay child support occurred between 1984 and 1994. Hence, he asserts, the charge should have been *65 dismissed as a violation of the ex post facto clauses of the state and federal constitutions. Const 1963, art 1, § 10; US Const, art I, § 10.
I agree with the Court of Appeals that no ex post facto violation of law occurred in this case. Because defendant’s failure to pay overdue child support is an ongoing violation of MCL 750.165, and because it continued after November 3, 1999, the felony-nonsupport charge against defendant does not violate ex post facto prohibitions.
CONCLUSION
I concur in the majority’s decision that a violation of MCL 750.165(1) is subject to the six-year period of limitations provided in MCL 767.24(5). I dissent from its determination that a violation of the statute does not constitute a continuing offense. The Legislature evidenced a clear intent to make the failure to pay court-ordered support a continuing offense. Therefore, I would affirm the decision of the Court of Appeals.
WEAVER, J., concurred with KELLY, J.

 262 Mich App 184; 685 NW2d 423 (2004).

 397 US 112; 90 S Ct 858; 25 L Ed 2d 156 (1970). This case dealt with the failure to register for the draft. The Supreme Court concluded that the failure to register is not a continuing offense. Congress disagreed and superseded the Court’s ruling by statute. 50 USC Appx 462(d). Under the statute, a person who never registers can he prosecuted for failing to register up to the age of 31. See United States v Kerley, 838 F2d 932, 935 (CA 7, 1988).

 MCL 750.161(6) provides:
Desertion, abandonment, or refusal or neglect to provide necessary and proper shelter, food, care, and clothing as provided in this section shall be considered to be a continuing offense and may be so set out in any complaint or information. [Emphasis added.]

 Random House Webster’s College Dictionary (2001) defines “desert” as “to leave (a person, place, etc.) without intending to return[.]”