**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-20421

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEVEN CRAIG ELY,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

May 11, 1998

Before DAVIS, E. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:

Appellant pled guilty to conspiring to disclose tax return information. He claimed that the conspiracy prosecution was not timely because the three year statute of limitations for offenses arising under the Internal Revenue Code had run. The district court rejected that argument holding that the prosecution was timely because the five year statute of limitations for general conspiracy applied. We agree.

**BACKGROUND**

In July 1989 and September 1992, Steven Craig Ely ("Ely")

persuaded Margaret Kynard, an IRS agent, to provide him with tax return information of two other individuals.  Four years later, Ely was indicted under 18 U.S.C. § 371 for conspiring with an IRS agent to disclose tax return information in violation of 26 U.S.C. § 7213(a)(1).  Ely unsuccessfully moved to dismiss the indictment arguing that the statute of limitations had run.  Ely then pled guilty, but reserved the right to appeal the district court's denial of his motion to dismiss.

## ANALYSIS

The heart of Ely's argument is that the government prosecuted him for violating 26 U.S.C. § 7213(a)(1).[1]  According to 26 U.S.C. § 6531, offenses arising under the internal revenue laws are generally subject to a three year statute of limitations.[2]  Ely argues that the three year statute of limitations applies here because violation of § 7213(a)(1) arises under the internal revenue laws.  Ely's argument, however, ignores the fact that he is not charged with nor could he be charged with violating 26 U.S.C. § 7213(a)(1).  That section applies only to current and former federal employees, and Ely is neither.  The indictment shows that Ely was charged under the general conspiracy statute, 18 U.S.C. § 371.  In Braverman v. United States, 317 U.S. 49, 54, (1942), the

---

[1]§ 7213(a)(1) reads in pertinent part:
It shall be unlawful for any officer or employee of the United States. . . or any former officer or employee, willfully to disclose to any person, except as authorized by his title, any return or return information.

[2]The section does carve out eight exceptions and makes those exceptions subject to a six year statute of limitations.

Supreme Court made clear that "a conspiracy is not the commission of the crime which it contemplates, and either violates nor 'arises under' the statute whose violation is its object."  Thus, the issue here is what statute of limitations applies since 26 U.S.C. § 6531 does not.

Because this Court has decided no cases directly on point, we turn to those of the other circuits for guidance.  In United States v. Lowder, 492 F.2d 953 (4th Cir. 1974), the Fourth Circuit held that "[l]imitations, for indictments under § 371, are those supplied by other provisions of law, or where there are none, by 18 U.S.C. § 3282".  Id. at 956.  There, Lowder had been convicted of conspiring to impede the IRS from collecting taxes.  Id. at 955. Lower argued that his conspiracy conviction should be overturned because the five year limitations period of § 3282[3] had run.  Id. The Fourth Circuit disagreed stating that §3282 applied only when there was no other applicable statute, and there was one.  The court held that the six year limitations period provided in 26 U.S.C. § 6531(1) applied because that statute mandated a six year limitations for conspiracy to defraud the United States government. Id. at 956.  The court reasoned that Lowder had tried to defraud the United States by filing a fraudulent tax return and thus, such

---

[3]Section 3282 provides:
Except as otherwise expressly provided by law, no person shall be prosecuted. . . for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

an action fell within § 6531(1).  Id.[4]

Here, Ely argues that his offense, conspiring to disclose tax return information, arises under the Internal Revenue Code and so falls within the three year limitations that § 6531 prescribes.  As we explained above, his offense cannot arise under the Internal Revenue Code because Ely is not and was not a federal employee.  His offense arises under 18 U.S.C. § 371.  As the Fourth Circuit stated in Lowder, the five year statute of limitations in § 3282 applies to § 371 unless otherwise expressly provided by law.  We hold there is no other applicable express provision.  Thus, the five year statute of limitations applies.

To determine whether the conspiracy indictment was timely, we look to our decision in United States v. Parker, 586 F.2d 422, 430 (5th Cir. 1978).  There, we held that "[t]hough the conspiracy began outside the limitations period, the conspiracy continued, and overt acts were committed within the limitations period."  Id. Here, the 1989 overt act is outside of the limitations period; however, the last overt act occurred in 1992.  Ely was indicted in 1996 which was within the five year period.  Thus, we hold that the district court did not err in applying 18 U.S.C. § 3282 and that the prosecution fell within the five year statute of limitations.

---

[4]See also United States v. Waldman, 941 F.2d 1544, 1548 (11th Cir. 1991), and United States v. Ingredient Tech. Corp., 698 F.2d 88, 98-99 (2d Cir. 1983).  We agree with these cases and disagree with the two cases from the Second Circuit:  United States v. Klein, 247 F.2d 908, 912 (2d Cir. 1957), and United States v. Witt, 215 F.2d 580, 584 (2d Cir. 1954).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court.

AFFIRMED.