IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 30, 2007 Session

## STATE OF TENNESSEE v. JEFFREY A. SUNDAHL, ALIAS

Appeal from the Criminal Court for Knox County
No. 80880     Mary Beth Leibowitz, Judge

No. E2006-00569-CCA-R3-CD - Filed May 2, 2007

The defendant, Jeffrey A. Sundahl, was charged with four counts of unlawfully and knowingly depriving the state of the realization of its lawful revenue by failing to remit sales tax revenue, a Class E felony; one count of unlawfully and knowingly delaying, hampering, impeding, obstructing, and thwarting the state in its collection of its lawful revenue by failing to register with the state under Tennessee Code Annotated section 67-6-601, a Class E felony; and one count of theft over $60,000, a Class B felony. The trial court dismissed all six charges on statute of limitations grounds. The state appeals the dismissals. We affirm the judgments of the trial court as to counts 1 through 5. We conclude, however, that the trial court wrongly applied a three-year statute of limitations to the theft count, count 6, and we reverse the judgment as to that count.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part
and Reversed in Part, Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Kevin James Allen, Assistant District Attorney General, for the appellant, State of Tennessee.

Ralph E. Harwell and Tracy Jackson Smith, Knoxville, Tennessee, for the appellee, Jeffrey A. Sundahl.

## OPINION

This case relates to allegations that the defendant failed to pay sales tax to the State of Tennessee while doing business as Sundahl, Inc., d/b/a Superior Fitness Equipment. A presentment was returned against the defendant on December 14, 2004. The dates of the defendant's offenses are alleged in the presentment as follows:  Count 1: failure to remit sales tax revenue to the state

between September 1, 1997, and December 31, 1997; Count 2: failure to remit sales tax revenue to the state between January 1, 1998, and December 31, 1998; Count 3: failure to remit sales tax revenue to the state between January 1, 1999, and December 31, 1999; Count 4: failure to remit sales tax revenue to the state between January 1, 2000, and December 31, 2000; Count 5: failure to register with the state as required by Tennessee Code Annotated section 67-6-601 between September 1, 1997, and December 31, 2000; Count 6: exercising control over money totaling at least $60,000 and belonging to the state without consent and with the intent to deprive the state between September 1, 1997, and December 31, 2000. Counts 1 through 5 charge the defendant with violations of the Tax Enforcement Procedures Act, specifically Tennessee Code Annotated section 67-1-1440(d). Count 6 charges the defendant with theft over $60,000, in violation of Tennessee Code Annotated section 39-14-103. The presentment alleges that the defendant concealed his crimes in counts 1, 2, and 5, until at least November 1, 2000.

The defendant filed a motion to dismiss all counts, contending that prosecution was barred by the three-year statute of limitations for crimes "arising under the revenue laws of the state." T.C.A. § 40-2-101(c). The trial court granted the motion to dismiss as to counts 1 through 5 and reserved ruling on count 6 until the state filed a Bill of Particulars. The state's Bill of Particulars described the offense in count 6 as occurring

> between the 1st day of September, 1997 and the 31st day of December, 2000 whereas during that time, the defendant operated a business known as "Sundahl Inc. d/b/a Superior Fitness Equipment" . . . and in a continuous larcenous scheme, he knowingly obtained and exercised control over sales tax revenue, the property of the State of Tennessee without the effective consent of said owner and with the intent to deprive same thereof.

The trial court ordered count 6 dismissed on the ground that it also fell within the three-year statute of limitations for offenses arising under revenue laws.

On appeal, the state contends that the trial court applied the wrong statute of limitations to each charge. The state argues that a six-year statute of limitations applies to counts 1 through 5 and that an eight-year statute of limitations applies to count 6. The defendant counters that the trial court properly dismissed all charges by applying the three-year statute of limitations.

## I. COUNTS 1-5

Under Tennessee Code Annotated section 40-2-101(c),

> [O]ffenses arising under the revenue laws of the state shall be commenced within the three (3) years following the commission of the offense, except that the period of limitation of prosecution shall be six (6) years in the following instances:

(1) Offenses involving the defrauding or attempting to defraud the state of Tennessee or any agency of the state, whether by conspiracy or not, and in any manner;

(2) The offense of willfully attempting in any manner to evade or defeat any tax or the payment of a tax;

(3) The offense of willfully aiding or abetting, or procuring, counseling or advising, the preparation or presentation under, or in connection with, any matter arising under the revenue laws of the state, or a false or fraudulent return, affidavit, claim or document, whether or not the falsity or fraud is with the knowledge or consent of the person authorized or required to present the return, affidavit, claim or document; and

(4) The offense of willfully failing to pay any tax, or make any return at the time or times required by law or regulation; and

(5) Nothwithstanding the provisions of subdivision (b)(3) to the contrary, prosecution for the offense of arson as prohibited by § 39-14-301 shall commence within eight (8) years from the date the arson occurs.

In the present case, prosecution against the defendant began on December 14, 2004, when the presentment was filed. The alleged offenses in all counts occurred at various times between September 1, 1997, and December 31, 2000. Even under the state's assertion in counts 1, 2, and 5 that the defendant concealed his crimes until November 1, 2000, prosecution on counts 1 through 5, beginning December 14, 2004, would be barred by the application of the three-year statute of limitations.

The state argues that a six-year limitations period should apply to counts 1 through 5 because those offenses fit under the exception listed in section 40-2-101(c)(1): "Offenses involving the defrauding or attempting to defraud the state of Tennessee or any agency of the state, whether by conspiracy or not, and in any manner[.]" The state concedes that none of the other revenue-related exceptions for which a six-year statute of limitations applies would apply in the present case because they refer to specific offenses for which the defendant was not charged. The defendant counters the state's contention by arguing that the presentment "does not allege that the Defendant defrauded or intended to defraud the State, acted with bad motives or wicked designs, or did any other act which would give rise to the six (6) year statute of limitations." The trial court agreed with the defendant and applied the three-year statute of limitations. We conclude that the three-year statute was properly applied to bar prosecution in counts 1 through 5.

In counts 1 through 4, the state alleged that the defendant "did unlawfully and knowingly deprive the State of Tennessee of the realization of its lawful revenue, to wit: sales tax revenue . . . ." In count 5, the state alleged that the defendant "did unlawfully and knowingly delay, hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection of its lawful revenue, to wit: sales tax revenue, by design in that the said [defendant] ... failed to register with the State of Tennessee . . . ." These charges were brought under the authority of Tennessee Code Annotated section 67-1-1440(d), which provides:

> It is a Class E felony for any person to delay, hamper, hinder, impede, obstruct or thwart the state of Tennessee in the collection of any of its lawful revenue, or to deprive the state of the realization of such revenue at the time it is lawfully entitled thereto by any artifice, design, false weight or measure, stratagem, or by the falsification of any record, report or return required by law.

We note, initially, that the terms "defraud" or "fraud" are not in the statute. Nor did the presentment expressly allege that the defendant defrauded the state. However, as the state points out, the exception to the three-year limitations period found in section 40-2-101(c)(1) does not refer to a particular criminal offense but to any criminal offense which fits the description of involving the "defrauding or attempting to defraud the state."

According to Black's Law Dictionary, to "defraud" involves making a "misrepresentation of an existing material fact, knowing it to be false or making it recklessly without regard to whether it is true or false . . . ." Black's Law Dictionary, 6th ed. (1991). "Defraud" can also mean "[t]o practice fraud; to cheat or trick" or "[t]o deprive a person of property . . . by fraud, deceit, or artifice." Id; see also State v. Chance, 778 S.W.2d 457, 462 (Tenn. Crim. App. 1989) (approving trial court's instructions that defined "to defraud" as "to practice fraud, to cheat or trick, to deprive a person of property or any interest, estate, or right, by fraud, deceit, or artifice"). Our code states that for use in Title 39 "'[f]raud is defined as used in normal parlance and includes, but is not limited to, deceit, trickery, misrepresentation and subterfuge, and shall be broadly construed to accomplish the purposes" of the criminal code. T.C.A. § 39-11-106(a)(13).

The presentment does not allege that the defendant's acts involved fraud, and counts 1-4 do not even allege that the defendant acted intentionally, only that he acted "unlawfully and knowingly." Count 5 alleges that the defendant acted "knowingly" and "by design" in failing to register his business as he was required under law but does not allege that the defendant engaged in any form of fraud, deceit, or artifice in depriving the state of its sales tax revenue. The state argues that in the context of the defendant's alleged offenses, "'deprive' and 'defraud' have the same practical meaning." We disagree.

We note that the language of Tennessee Code Annotated section 40-2-101(c) mirrors the language of title 26, section 6531 of the United States Code, which provides a three-year limitations period for prosecuting "any of the various offenses arising under the internal revenue laws." Like

-4-

the Tennessee statute, the federal statute lists a number of offenses for which a six-year, as opposed to a three-year, limitations period applies, including, "offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner." 26 U.S.C. § 6531(1). The Unites States Supreme Court has held that Congress did not intend to apply the "defrauding or attempting to defraud" exception to cases charging the attempt to evade or defeat taxes. United States v. Scharton, 285 U.S.518, 52 S. Ct. 416 (1932) (noting also that exceptions to the general statutory provision should be narrowly construed). In that case, the Court rejected the government's argument that "fraud is implicit in the concept of evading or defeating." Id. at 520, 52 S. Ct. at 417. We likewise reject the state's argument that "'deprive' and 'defraud' have the same practical meaning." Stating that the defendant knowingly deprived the state of its revenue does not equate the defendant's actions with defrauding the state.

We conclude that the defendant's offenses do not fit within the "defrauding or attempting to defraud" exception and that the trial court properly applied the three-year statute of limitations for crimes arising under the state's revenue laws. The trial court did not err in dismissing counts 1 through 5.

## COUNT 6

The trial court also applied the three-year statute of limitations for crimes arising under the revenue laws to bar prosecution of count 6, theft over $60,000. The state contends that the trial court misapplied this statute and should have applied the eight-year limitations period for Class B felonies. See T.C.A. § 40-2-101(b)(2).

This issue requires us to decide whether the defendant's alleged theft offense "arises under" the state's revenue laws. Neither the state nor the defendant cite any authority that explains when an offense "arises under" the revenue laws, and no Tennessee case law defines the statutory "arising under" language. However, we again find guidance in federal cases interpreting the applicability of the federal statute of limitations governing offenses "arising under the internal revenue laws." 26 U.S.C. § 6531. Federal courts have shown a reluctance to apply the statute of limitations for offenses arising under the revenue laws for any offenses that are not charged as violations of the revenue laws. In United States v. Lowry, 409 F. Supp. 2d 732 (W.D. Va. 2006), a district court rejected the defendant's argument that although he was charged with violating a provision of the Bank Secrecy Act, 31 U.S.C. § 5341, the three-year statute of limitations governing offenses arising under revenue laws applied because his offense was related to his obstruction of the IRS's efforts to collect income taxes. The court held that although the particular indictment in this case related to the defendant's tax evasion, the defendant was not charged with a violation of the revenue laws, and the court would apply the statute of limitations that generally applied to offenses of the kind for which the defendant was indicted. Id. at 741. In another case, the Fifth Circuit refused to apply the three-year statute of limitations for offenses arising under revenue laws where the defendant was charged under the general conspiracy statute, not under the revenue laws, even though the defendant had conspired to assist another in violating a particular revenue law. United States v. Ely, 140 F.3d 1089 (5th Cir. 1998).

We conclude that the Tennessee statute of limitations for offenses arising under the revenue laws of the state should likewise be applied only to offenses that are charged under the revenue laws. In the present case, count 6 charges the defendant with theft over $60,000, in violation of Tennessee Code Annotated section 39-14-103. Theft of property occurs when a person, "with intent to deprive the owner of property, . . . knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103. Although the theft in this particular case relates to the defendant's alleged failure to remit sales tax, violation of the revenue laws is not a necessary element of the offense of theft. The defendant complains that the state "has attempted to characterize the offenses alleged in Count Six as 'theft' in an obvious attempt to avoid the bar of the statute of limitations." However, theft is a crime distinct from the other revenue offenses with which the defendant was charged, and it has different elements and requires different proof. It is not uncommon for the same criminal activity to give rise to charges of multiple offenses. The fact that the defendant's theft charge relates to the same allegedly criminal activity also at issue in counts 1 through 5 does not preclude us from concluding that count 6 does not "arise under" the revenue laws. Because count 6 is not governed by the statute of limitations in section 40-2-101(c), we apply the general limitations period for Class B felonies that is provided in section 40-2-101(b)(2), eight years. The trial court erred in dismissing count 6 on the basis that it was barred by the three-year statute of limitations.

## CONCLUSION

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court as to counts 1 through 5 but reverse the judgment as to count 6, the theft allegation. This case is remanded to the trial court for further proceedings consistent with this opinion.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE